### BUTTERWORTH, receiver &c., *vs.* O'BRIEN.

The claim for dividends improperly declared by an insolvent banking corporation belongs to creditors, and not to the receiver. The right of action is in them, and the receiver cannot collect such moneys for the benefit of stockholders.

Nor is it a cause of action that such dividends were paid to persons who were indebted to the bank.

Where, in an action by the receiver against the former president of a bank, the complaint alleged that the defendant used fictitious notes in lieu of money of the bank, which he fraudulently used and disposed of, and that such notes were among the assets of the bank; *Held* that these facts, if proven, would be sufficient to put the defendant on his defense; and that the claim was one which belonged to the receiver, and might be collected by him.

APPEAL from a judgment entered upon the report of a referee. The material facts are stated in the opinion of the court.

INGRAHAM, P. J. This action is brought by the receiver of the Island City Bank against the defendant, who was president and a director, to recover from him for certain wrongful acts charged against him. The defendant answered to the complaint, denying all the allegations made against him. The case was referred, and the referee has dismissed the complaint as insufficient and containing no cause of action.

Butterworth *v.* O'Brien.

The referee was clearly right as to all the causes stated in the complaint except that contained in the 4th clause of the complaint. The claim for dividends improperly declared belongs to creditors and not to the receiver. The right of action is in them, and the receiver cannot collect such moneys for the benefit of stockholders. Nor was it a cause of action that such dividends were paid to persons who were indebted to the bank.

The allegation that the defendant parted with notes of the bank as security for loans made to him in the name of the bank, without an averment that any thing was due to the bank, or that the loans had not been paid, showed no cause of action against the defendant.

In the 4th clause of the complaint it is averred that the defendant used fictitious notes in lieu of money of the bank which was fraudulently used and disposed of by the defendant; that such notes were among the assets of the bank, and amounted to $27,000. Under the ruling of the referee we must consider these allegations to be admitted, and then we have the following as facts: That the defendant put in the bank two notes signed by a fictitious drawer; that the notes were used by the defendant in lieu of so much money of the bank; that the money was fraudulently disposed of by the defendant; and that the notes are now among the assets of the bank. It appears to me that these facts, if proven, would be sufficient to put the defendant on his defense. The possession of the notes by the receiver is presumptive evidence that the moneys have not been repaid. If paid, the onus is on the defendant to show it. If the notes were the defendant's, there would be no doubt of sufficient facts to make out the plaintiff's case. If the notes were fictitious, quite as good a cause of action exists against him. The claim is also one which would belong to the receiver, and may be collected by him.

The complaint, as to this claim as well as to the others, is very loosely and informally drawn, and may subject the plaintiff to a motion to have it made more specific, but under the

present system is not so bad as to be demurrable, so far as relates to this clause. In fact under the late decisions of the court of appeals we are not to pay any attention to forms, if we can find in the complaint any allegations which, under any view of them, may give the plaintiff a right to recover.

I think the referee erred in this respect, and that the judgment should be reversed and a new trial ordered; costs to abide the event.

CLERKE, J. concurred.

SUTHERLAND, J. I dissent. I think the judgment below should be affirmed. It does not belong to the plaintiff as *receiver* to correct or prosecute for the frauds and illegal acts complained of in the complaint. The other grounds stated in the opinion of the referee appear to me also to justify the dismissal of the complaint.

Judgment reversed and new trial ordered.

[NEW YORK GENERAL TERM, February 2, 1863. *Sutherland, Clerke* and *Ingraham,* Justices.]