Osgood *v.* Laytin.

---

OSGOOD and others, receivers of the Columbian Insurance Company, *vs.* LAYTIN and others.

Independent of the act of the legislature of 1858, chapter 314, authorizing receivers to treat as void all acts done in fraud of creditors, and making the parties liable to the receivers for the same, receivers of corporations have authority to sue for all moneys due to the company, and for all property improperly disposed of in violation of the rights of either creditors or stockholders, for the purpose of paying the debts and dividing the surplus, if any, among the stockholders.

An action may be maintained by the receivers of an insolvent corporation against individuals, some of whom are stockholders and some of whom are creditors of the company, to recover from the stockholders a dividend declared on its capital stock and received by them; where it is averred in the complaint that such dividend impaired the capital; that some of the defendants, as creditors, are suing the stockholders to recover from them such dividends; and that the funds so misappropriated are required to pay the debts of the corporation.

Osgood *v.* Laytin.

THE plaintiffs, as receivers of the Columbian Insurance Company, an insolvent corporation, sue the defendants, some of whom are stockholders, and some are creditors of that company, to recover from the stockholders a dividend declared on its capital stock and received by them. It is averred that such dividend impaired the capital, and that some of the defendants, as creditors, are suing the stockholders to recover from them such dividends. The complaint asks for an injunction against the creditors, and a judgment against the stockholders for the dividends received. The present case arises on a demurrer of some of the defendants, to the complaint. The demurrer was overruled, and the defendants appealed.

*D. D. Field*, for the plaintiffs.

*E. T. Gerry*, for the defendants.

*By the Court*, INGRAHAM, J. The defendants, who have appealed, concede that the action is properly brought against the creditors, and also that the receivers are the only persons who can collect the assets of the corporation for the benefit of the creditors, but they contend that the complaint is insufficient ; first, because the dividend sought to be recovered was paid out of the capital, and therefore was a misappropriation and not a dividend ; and, secondly, that moneys so misapplied can only be recovered in cases of fraud, and there is no averment of fraud in the complaint. The grounds of the first objection are, that the section of the statute of 1849, (*sec.* 20,) which authorized creditors to recover dividends contemplated only dividends paid out of the profits, and was not designed to authorize them to bring such actions for the wrongful payment of any part of the capital stock.

Directors of moneyed corporations are prohibited from making any dividends, except from surplus profits, (1 *R. S.* 589, § 1,) and insurance companies are moneyed corporations. (1 *R. S.* 599, § 51.)

The same, at section 4, directs losses sustained by a corporation that exceed its profits to be charged as a reduction of the capital stock, and forbids making dividends until the deficit is made up.

The act of 1858, chapter 314, authorizes receivers to treat as void all acts done in favor of creditors, and makes the parties liable to the receivers for the same.

Without this statute, the receivers, by virtue of their general powers, have authority to sue for all moneys due to the company, and for all property improperly disposed of in violation of the rights of either creditors or stockholders, for the purpose of paying the debts and dividing the surplus, if any, among the stockholders.

The case of *Butterworth* v. *O'Brien,* (39 *Barb.* 192,) was an action against the president of the corporation, seeking to recover from him for wrongful acts charged against him, one of which was paying illegally dividends to the stockholders. It was there said that the receivers could not collect for such wrongful acts for the benefit of the stockholders. That case was, however, decided on other grounds. If the receivers have power to collect the assets improperly disposed of, it is not necessary to aver fraud in the disposition of them. The complaint here avers that the dividends were paid entirely out of the capital, which was then impaired so as to be insufficient for the payment of the debts of the corporation without a return of such dividends. This payment was contrary to the statute, and the stockholders receiving them were liable to creditors.

I am inclined to think such an action may be maintained by the receivers where the funds so misappropriated are required to pay the debts of the corporation. If the object was to divide the same among the stockholders solely, it might be otherwise.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Sutherland* and *Ingraham,* Justices.]