EARL B. BARNES, as Trustee in Bankruptcy of THOMAS H. COWLEY and Others, Individually and as Copartners, Doing Business under the Name of THOS. H. COWLEY & CO., Respondent, *v.* LAWRENCE J. HIRSCH and Others, Individually and as Copartners, Doing Business under the Firm Name and Style of MORRIS & SMITH, Defendants, Impleaded with WILLIAM SCHATZKIN and Others, Individually and as Copartners, Doing Business under the Firm Name and Style of SCHATZKIN, BERNSTEIN & CO., Appellants.

First Department, December 4, 1925.

Bankruptcy — trustee — capacity to sue — trustee cannot, under Bankruptcy Act, § 70, sue on claims assigned by customers of bankrupt to trustee arising out of conversion by third persons.

A trustee in bankruptcy of a partnership alleged to have been engaged in conducting a bucket shop has no capacity, under section 70 of the Bankruptcy Act, to sue members of the New York Stock Exchange on claims assigned to the trustee by customers of the bankrupt for conversion of the customers' money which is alleged to have taken place when the bankrupt, with the knowledge and connivance of the defendants, sold securities purchased for the customers and used the money for their own account.

FINCH, J., dissents, with opinion.

APPEAL by the defendants, William Schatzkin and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of February, 1925, denying their motion for judgment dismissing the amended complaint on the ground that it appears upon the face thereof that the plaintiff has not legal capacity to sue and that the amended complaint does not state facts sufficient to constitute a cause of action.

*Cook, Nathan & Lehman* [*Harold Nathan* of counsel; *I. Howard Lehman* with him on the brief], for the appellants.

*Saul S. Myers* [*Charles H. Tuttle* of counsel], for the respondent.

MARTIN, J. The defendant Schatzkin, Bernstein & Co. moved to dismiss the amended complaint on the grounds that it appears upon the face thereof that the plaintiff has not legal capacity to sue and that the amended complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that Cowley & Co. conducted a bucket shop; that by false and fraudulent representations they induced their customers to deal with them as legitimate stockbrokers and to buy securities on margin and deposit cash and collateral with

them; that promptly after buying securities for their customers they sold them for their own account; that they converted to their own use cash and collateral of their customers; that the defendants, members of the New York Stock Exchange, executed orders for Cowley & Co., knowing them to be conducting a bucket shop, and aided and abetted in the fraud and the conversion; that Cowley & Co. became bankrupt and their customers lost the equities in their several accounts; that these customers have assigned their several claims against the defendants to the plaintiff as trustee in bankruptcy of Cowley & Co.

The plaintiff sues as such trustee in bankruptcy, alleging that he " has duly qualified and is now acting as such trustee." The allegations of the amended complaint disclose that he brings this suit in his capacity as trustee in bankruptcy, although the claims on which he seeks to recover did not arise in favor of Cowley & Co., or of the trustee.

According to the allegations of the amended complaint, the members of Cowley & Co. and the defendants were joint tort feasors. The claims on which the plaintiff seeks to recover were never part of the assets of Cowley & Co. nor did they arise in favor of the plaintiff as trustee in bankruptcy. They belonged to various creditors. The right of action was in them. (*Butterworth v. O'Brien,* 39 Barb. 192.)

No right of action to recover for the fraud and conversion practiced on these customers was vested in the trustee in bankruptcy. Such right of action was not an asset of the bankrupt estate. (*Matter of Beachy & Co.,* 170 Fed. 825; *Seegmiller v. Day,* 249 id. 177; *Matter of Associated Oil Co.,* 289 id. 693.)

The claim pleaded arose, if at all, in favor of 164 different customers of Cowley & Co., whose names are set forth in an exhibit attached to the amended complaint.

The situation presented by the amended complaint is that of a trustee in bankruptcy, who has accepted from a group of the bankrupt's creditors assignments of causes of action against third persons, suing the latter in his capacity of trustee in bankruptcy.

The appellants argue that the trustee in bankruptcy is without legal capacity to maintain such an action.

The precise question here involved has evidently not been passed upon in this State, though it has been decided by the Supreme Court of the State of Michigan in *Monroe v. Bushnell* (158 Mich. 115). In that case a trustee in bankruptcy of a bankrupt bank, which was a copartnership, and of all its members except one Page, who was also insolvent, brought suit in his capacity as trustee against the Vicksburg Manufacturing Company, and its manager,

Bushnell, to recover amounts alleged to be due to Page and the manufacturing company from Bushnell. Prior to the bankruptcy, Page, the president of the banking firm, had given his promissory notes from time to time to the banking firm and had received money from it which he gave to Bushnell, as it was needed in the business of the manufacturing company. The trustee complainant claimed to represent any rights of Page and also any rights of the manufacturing company against Bushnell solely through certain assignments by such parties to him as trustee in bankruptcy of the firm. The trial court found that Bushnell had been guilty of fraud and made a decree directing him to pay a specified amount to the trustee in bankruptcy. On appeal, the decree was reversed and the bill was dismissed. The court held among other things that the trustee in bankruptcy could not sue upon a claim which had not arisen in his favor, had not existed in favor of the bankrupt and had been merely assigned to the trustee after bankruptcy.

The trustee in bankruptcy has a right to sue for anything that the bankrupt would have had a right to sue for and has in addition any cause of action arising pursuant to the Bankruptcy Act. This complaint alleges a cause of action against both the bankrupt and his confederates, asserting that they entered into a conspiracy and fraudulently bucketed orders that were given. Each cause of action belonged to the assignor thereof and without the assignments to him the trustee in bankruptcy had no claim whatever to these causes of action.

If the trustee may take an assignment of these claims he might take an assignment of a claim from any stranger and force the estate into an expensive litigation. No such power appears to be given by the Bankruptcy Act, which in section 70 of said Act (30 U. S. Stat. at Large, 565, 566, as amd. by 32 id. 800, § 16) provides:

" Sec. 70. Title to Property.— a. The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) *property transferred by him in fraud of his creditors;* (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him * * *; and (6) rights of action arising upon contracts

or from the unlawful taking or detention of, or injury to, his property.  *  *  *

" e. The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication.  Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value.  *  *  *."

In *Monroe* v. *Bushnell* (*supra*) it was said that the complainant, as trustee in bankruptcy, " must rest his claim for recovery upon the proposition that the relation of debtor and creditor existed between the defendant Bushnell and the banking firm, or circumstances which equity would recognize and declare equivalent to such relation."

The trustee in bankruptcy has no right to incur the expense incident to litigation to recover on claims arising solely in favor of third persons or on claims in which the estate as such has no interest.  The bankrupts could not recover against these defendants for bucketing orders because they were responsible for the illegal transaction and parties to the fraud.  Assuming that, after a long litigation this trustee should be defeated, must the bankrupt estate pay the expense incident to such a litigation?  Would that not be a waste of the assets of the estate?

A trustee in bankruptcy has only such title and power as given by the Bankruptcy Act.  He is a creature of that statute.  No serious assertion is made here that these claims, indicated by the complaint, were property of the bankrupt.  They were not assets which passed to the trustee because they belonged to the bankrupt. The causes of action which the trustee has by reason of the Bankruptcy Act, other than such as were property of the bankrupt, are causes of action to recover or follow assets.

It is argued that the trustee *ought* to have a cause of action for damages for tortious acts participated in before bankruptcy, by the bankrupt and others, where the bankrupt could have had no such action.  We are not concerned with a discussion of what might have been put into the National Bankruptcy Act; our concern is only with what it does contain.  No provision is made for such an action arising in favor of the trustee other than one to recover property, or to have an accounting for property transferred by way of preferences or in fraud of creditors, or the like.  (See, also, Bankruptcy Act [30 U. S. Stat. at Large, 562], § 60, as amd. by 32 id. 799, § 13, and 36 id. 842, § 11; Bankruptcy Act [30 id. 564], § 67, as amd. by 32 id. 800, § 16, and 36 id. 842, § 12.)  Respond-

ent says he wishes to *secure redress*, whereas the Bankruptcy Act provides for following and recovering property transferred in fraud of creditors and for an accounting for the value of such property. The bankrupt's torts, participated in by others, may ultimately have the effect of depleting the estate but only to the extent indicated does the Bankruptcy Act give the trustee causes of action to follow or recover property or its value. It is not sufficient to say that acts participated in by the bankrupt and others were tortious and ultimately injurious to creditors; for the extent to which the trustee in bankruptcy may follow assets and recover the same or the value thereof is limited by the powers to such end which the Bankruptcy Act confers on him.

We have reached the conclusion, therefore, that the plaintiff is without capacity to sue and that the complaint does not state a cause of action, and, therefore, the order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

CLARKE, P. J., MERRELL and BURR, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting). I agree that a trustee cannot rightfully sue except for the use and benefit of the bankrupt's estate. The latter is what the trustee is doing in the case at bar, since it is specifically alleged in the complaint that the assignments are for the benefit of the estate. I know of no prohibition which prevents a trustee in bankruptcy from receiving for the benefit of the estate of which he is trustee any assets coming into his hands. Any question of expense to the estate of collecting such assigned claims is not available as a defense to a defendant who is sued.

The foregoing is in accord with the succinct opinion rendered by Judge LEARNED HAND in an unreported case identified as *Alton* v. *Breitung*, decided July 27, 1923. The plaintiff sued as trustee in bankruptcy upon two causes of action assigned to him as trustee for the benefit of the bankrupt estate. The defendant moved for dismissal on the ground that the trustee had no authority to accept such an assignment or to sue thereon. The motion was denied, Judge HAND saying: " I think as indicated before that the question cannot be raised in this action whether the plaintiff has exceeded his duties as trustee in bankruptcy. No one disputes the validity of the assignment as such, *i. e.*, that the cause of action is assignable. If so it passed to the assignee named in the assignment; he became, as we now view such matters, at law as well as in equity the actual obligee of the cause of action. The obligor has no interest in the obligee except to see that judgment will protect him from a second

action. But if the assignment be valid, *i. e.,* if it actually pass ' title ' as one may say, then judgment will be a valid bar. What else can the defendant ask? He must stand suit on the claim and the only person now authorized to sue is the assignee, who is this plaintiff. All difficulties in which he may be involved with the court of bankruptcy are wholly foreign to any interest which the defendant has. These are limited to a final disposition of this controversy."

I, therefore, vote to affirm the order of the Special Term in this respect, and also with respect to the refusal to grant the relief prayed for in regard to the form of the pleading.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.