Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ.   Not sitting: MCLAUGHLIN, J.   Absent: CARDOZO, J.

---

EARL B. BARNES, as Trustee in Bankruptcy of THOMAS H. COWLEY et al., Individually and as Copartners under the Firm Name of THOS. H. COWLEY & CO., Appellant, v. WILLIAM SCHATZKIN et al., Individually and as Copartners under the Firm Name of SCHATZKIN, BERNSTEIN & Co., Respondents, Impleaded with Others.

EARL B. BARNES, as Trustee in Bankruptcy of THOMAS H. COWLEY et al., Individually and as Copartners under the Firm Name of THOS. H. COWLEY & CO., Appellant, v. LAWRENCE J. HIRSCH et al., Individually and as Copartners under the Firm Name of MORRIS & SMITH, Respondents, Impleaded with Others.

*Bankruptcy — trustee in bankruptcy may not sue upon a claim, which had not existed in favor of the bankrupt and had not arisen in his favor but had been merely assigned to the trustee after bankruptcy.*

*Barnes v. Hirsch,* 215 App. Div. 10, affirmed.

(Argued February 24, 1926; decided March 30, 1926.)

APPEAL, in each of the above-entitled actions, from a judgment entered December 11, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendants, respondents, for judgment dismissing the amended complaint and granted said motion. The complaints alleged that Cowley & Co. conducted a bucket shop; that by false and fraudulent representations they induced their customers to deal with them as legitimate stockbrokers and to buy securities on margin and deposit cash and collateral with them; that promptly after buying securities for their customers they sold them for their own account; that they converted to their own use cash and collateral of their customers;

that the defendants, members of the New York Stock Exchange, executed orders for Cowley & Co., knowing them to be conducting a bucket shop, and aided and abetted in the fraud and the conversion; that Cowley & Co. became bankrupt and their customers lost the equities in their several accounts; that these customers have assigned their several claims against the defendants to the plaintiff as trustee in bankruptcy of Cowley & Co. The Appellate Division held that the plaintiff was without legal capacity to sue and that the complaints did not state causes of action.

*Charles H. Tuttle* and *Saul S. Myers* for appellant.

*Harold Nathan* and *I. Howard Lehman* for William Schatzkin et al., respondents.

*Lester R. Bachner* for Lawrence J. Hirsch et al., respondents.

Judgment, in each case, affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY SENES, Appellant.

*Crimes — wiretapping — judgment of conviction affirmed.*

*People* v. *Senes*, 210 App. Div. 845, affirmed.

(Argued February 25, 1926; decided March 30, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 24, 1924, which affirmed a judgment rendered at a Trial Term for the county of New York upon a verdict convicting the defendant of wiretapping in violation of subdivision 6 of section 1423 of the Penal Law.

*Cyril F. dos Passos* and *Edward V. Broderick* for appellant.

*Joab H. Banton, District Attorney (Felix C. Benvenga* of counsel), for respondent.