Martin J. BUSH, as Trustee in Bankruptcy of James Anthony & Co., Inc., Plaintiff,

v.

Samuel MASIELLO et al., Defendants.

No. 71–Civ. 3744.

United States District Court,
S. D. New York.

March 21, 1972.

Alex L. Rosen and Neil J. Moritt, New York City, for plaintiff.

Havens, Wandless, Stitt & Tighe, New York City, for defendants Samuel Masiello, Olive Masiello, James Masiello and Tycoon Investment Corp., by Paul M. Brown, Gary P. Rosenthal, New York City, of counsel.

CROAKE, District Judge.

## MEMORANDUM

This action was brought by the trustee in bankruptcy (Trustee) of James Anthony & Co., Inc. (James Anthony), a New York corporation, formerly engaged in business as a broker-dealer specializing in the over-the-counter market and a member of the National Association of Securities Dealers (N.A.S.D.). The individual defendants were directors, officers, and employees of the closely held bankrupt corporation. Defendant Tycoon Investment Corporation, owned and controlled by the individual defendants, formerly maintained a customer account with the bankrupt.

The action stems from alleged self-serving mismanagement of James Anthony by the individual defendants, which included the use of the corporate defendant, in alleged violation of federal securities, bankruptcy and taxation law, as well as state law pertaining to corporate management fiduciary obligations. The trustee seeks to recover damages and to have the defendants account and make restitution to the plaintiff-trustee for losses caused by their alleged wrongful acts. Jurisdiction is based on federal securities and bankruptcy law, and pendent jurisdiction.

By this motion defendants seek to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of standing to sue. In the alternative they seek to have the complaint repleaded asserting that it is impossible to reasonably frame a responsive pleading.

This motion under Fed.R.Civ.P. Rule 12(b) (6) tests the formal legal sufficiency of the complaint, determining whether the complainant has conformed to Fed.R.Civ.P. Rule 8(a) (2) which calls for "a short and plain statement that the pleader is entitled to relief." *Id. See* Wright & Miller, 5 Fed.Practice and Procedure, § 1356 at 590 (1969). For purposes of this motion "the factual allegations of the complaint are to be taken as true," Stockwell v. Reynolds & Co., 252 F.Supp. 215, 218 (S.D.N.Y.1965) (Bonsal, J.), "the complaint is to be liberally construed in favor of plaintiff," Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1968), and "[t]he complaint should not be dismissed unless it appears that . . . [plaintiff] . . . could 'prove *no* set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson [355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)]." Jenkins v. McKeithen, *supra*, at 422, 89 S.Ct. at 1849 (emphasis added). *See* Goldstein v. North Jersey Trust Co., 39 F.R.D. 363 (S.D.N.Y.1966) (Herlands, J.) (motion to dismiss in action for alleged violation of federal securities law).

In determining whether a legally sufficient claim has been set forth, the term "claim" has been defined as "the aggregate of operative facts which give rise to a right enforceable in the courts. . . ." Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir. 1943), cited in Goldstein v.

North Jersey Trust Co., 39 F.R.D. 363, 366 (S.D.N.Y.1966). *See* Fed.R.Civ.P. Rule 10(b).

The first cause of action alleges that defendants owned and managed the bankrupt and that the bankrupt, through the defendants, dealt in the purchase and sale of securities with public customers, and securities dealers, as well as making a market in one or more over-the-counter securities. It is further alleged, in approximately seventeen separately numbered paragraphs, that wrongful acts and omissions were allegedly committed by the defendants in the course of operating James Anthony. These paragraphs include allegations of fraud, conversion, negligence, waste, mismanagement, and breach of fiduciary obligations. The plaintiff contends that by the statements within the first cause of action he has properly asserted violations of Section 17 of the Securities Act of 1933 (Securities Act) (15 U.S.C. § 77q) and Rule 10–b(5) pursuant to Section 10 of the Securities Exchange Act of 1934 (Exchange Act) (15 U.S.C. § 78j). These two sections contain similar anti-fraud provisions.

Rule 10–b(5) states, in pertinent part:

"It shall be unlawful for any person, directly, or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national security exchange . . . . (c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security." *Id.*

The fifth cause of action seeks relief under Section 10–b of the Exchange Act for allegedly dealing in securities while knowingly insolvent and knowingly violating Sections 10 and 17 of the Exchange Act, as asserted in the first cause of action.

The keystone of this motion is the assertion of movants that the plaintiff, trustee in bankruptcy, has no standing to sue for violations of the anti-fraud provisions of the federal securities law as alleged in the first and fifth causes of action.

Applicable statutory law states that "[s]uits by the . . . trustee [in bankruptcy] . . . shall be brought or prosecuted only in the court where the bankrupt might have brought . . . them . . . if proceedings under this Act had not been instituted . . . except as provided in sections 60, 67 and 70 of this Act." Bankruptcy Act § 23 (11 U.S.C. § 46). Therefore, unless the matter fits within one of the above exceptions, federal jurisdiction must be grounded in other than the fact that the controversy is one involving a federal bankruptcy proceeding. 2 Collier on Bankruptcy, § 23.15 at 603 (14th ed. 1971). The section 23 exceptions provide for a trustee in bankruptcy to bring an action in the federal district court to recover or avoid unlawful preferences, § 60 (11 U.S.C. § 96(e)), to recover or avoid fraudulent transfers by section 67, 11 U.S.C. § 107, or to recover or avoid transfers under any federal or state law where a creditor of the debtor could have done so as under section 70(e), in connection with conveyances fraudulent under state or federal law, 11 U.S.C. § 110(e).

Customers of a bankrupt stockbroker are considered a class of creditors, under the bankruptcy act, for whom the trustee may establish a separate fund. 11 U.S.C. § 96(e). To satisfy the claims of these customer-creditors the trustee may recover transfers that are in violation of the Bankruptcy Act, including section 70(e). The trustee, herein, seeks to recover for violations of federal securities provisions which, it is alleged, operated as a fraud or deceit upon the customers of the bankrupt. Therefore, the trustee is not without any statutory basis for standing.

Defendants assert that Barnes v. Schatzkin, 215 App.Div. 10 (1st Dept.

1925), 212 N.Y.S. 536 (1925), affirmed, 242 N.Y. 555, 152 N.E. 424 (1926), cert. denied, 273 U.S. 709, 47 S.Ct. 100, 71 L. Ed. 852 (1926), and Mooney v. Vitolo, 67–69 CCH Fed.Sec.L.Rep. ¶ 92,116 (S. D.N.Y.1967), represent controlling case law as to the current motion.

In Barnes v. Schatzkin, *supra,* plaintiff was trustee of a bankrupt stock broker firm which fraudulently converted customer funds by its "bucket shop" operation of purchasing securities for its own account from that of the defendants. The trustee, seeking redress by way of a tort action for conversion, secured assignments of the rights of the creditors of the bankrupt. The trustee claimed standing under section 70(e) of the Bankruptcy Act, written prior to the 1938 amendment. (Uniform Bankruptcy Act, ch. 541, § 70, 30 Stat. 565 (1898)). The New York court held that the trustee had no standing, reasoning that the trustee is a creature of the Bankruptcy Act and that Act nowhere empowers him to seek redress for the tortious wrongs alleged. The court based its decision on the belief that litigation of this nature would involve the trustee in depletion of estate funds without benefit to the estate. *Barnes, supra,* 215 App.Div. at 13, 212 N.Y.S. at 539.

■■ *Barnes, supra,* a state holding, is not binding on a federal court in an interpretation of a federal statute, Commissioner of Internal Revenue v. Estate Herman J. Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Furthermore, *Barnes, supra,* was decided prior to revisions in the Bankruptcy law. For example, section 23(b) was rewritten to expand the power of the trustee by adding the exceptions to that section as discussed above. Also, a later New York court opinion held that a trustee is an assignee of creditor's rights by operation of law, Tchlenoff v. Jacobs, 44 N. Y.S.2d 38, 39 (Sup.Ct.1943), aff'd, 267 App.Div. 908, 46 N.Y.2d 875, aff'd, 293 N.Y. 904, 60 N.E.2d 32 (1944). In addition, rather than depleting the funds of the bankrupt the trustee diminishes the costs and trouble inherent in multiple suits by gathering all the claims in one action.

Mooney v. Vitolo, *supra,* involves trustees in a Chapter X Reorganization proceeding under the Bankruptcy Act, who brought an action against former officers and directors of the bankrupt on behalf of the stockholders of the bankrupt corporation for damages caused by alleged issuance of false and misleading statements in violation of Section 10(b) of the Exchange Act of 1934. The court found that the trustees lacked standing. In contrast to the present action, *Mooney, supra,* was concerned with stockholders of a publicly owned company which was in the business of constructing and operating bowling alleys. The present action involves customers of a close-held corporation which deals in purchases and sales of securities. Stockholders who, e.g., in *Mooney, supra,* could bring the present action, are the defendants herein. The trustee with his duty to marshall assets of the corporation for the benefit of the debtor and all its creditors, may be the only party with both the standing and the desire to bring the present action.

This court is guided on the issue of standing by a recent decision, Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 410 F.2d 135 (7th Cir.), cert. denied, 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed. 2d 88 (1969). In *Buttrey, supra,* plaintiff, trustee for a local Indiana bankrupt securities corporation, brought suit to benefit the defrauded customers of the bankrupt against a New York brokerage corporation, seeking to rescind allegedly fraudulent transfers from the bankrupt to the defendant, which were allegedly in violation of a New York Stock Exchange Rule, Rule 405, as well as Section 10 of the Exchange Act of 1934 and Section 17 of the Securities Act of 1933. On defendant's motion for summary judgment, the Court of Appeals affirmed the lower court, holding that the

trustee had authority under the Bankruptcy Act to institute the action, and that a civil cause of action against a member firm of the exchange can arise from violation of a stock exchange rule, and other federal securities law.

Movants assert that *Buttrey, supra,* is clearly distinguishable from the present action. The court cannot agree. Both actions concern a plaintiff-trustee in bankruptcy who, to satisfy creditor claims, brought an action under the anti-fraud provisions of federal securities law. The fact that in *Buttrey, supra,* defendant was a third-party brokerage firm, allegedly involved as aider and abettor, whereas in the present action the defendants are the principals of the bankrupt primarily liable for the alleged wrongdoings, explains why the forms of relief sought by these actions are not identical and in no way mitigates the relevancy of the *Buttrey* decision to the case at bar.

Movants also make the argument that this complaint is an attempt to "break new ground with respect to civil liability for violations of the anti-fraud provisions of the securities laws." (Def. memo., p. 25.) It is clear that the Second Circuit has already discussed, in a positive manner, civil liability for violations of federal securities law. Colonial Realty Corp. v. Bache & Co., 358 F.2d 178 (2d Cir.) (Friendly, J.), cert. denied, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed. 2d 56 (1966); Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 787 (2d Cir. 1951) (Frank, J.). See Pettit v. American Stock Exchange, 217 F.Supp. 21 (S. D.N.Y.1963); *see also* Lowenfelds, Implied Liabilities Based Upon Stock Exchange Rules, 66 Columbia L.Rev. 12, 15, 22 (1966) and Note, Civil Liability Under Section 10 and Rule 10b–5; A Suggestion for Replacing the Doctrine of Privity, 74 Yale L.J. 658, 660 (1965). Notwithstanding the foregoing, the court notes that new legal theories would not have an opportunity to be examined if a claim were dismissed merely because there is no precedent in a particular area of law. Shull v. Pilot Life Ins. Co., 313 F.2d 445, 447 (5th Cir, 1963).

In support of the motion to dismiss, the movants attack the first cause of action as containing many non-particularized allegations of negligence, fraud, conversion, waste, and other actionable wrongs which it is asserted do not serve to uphold violations of the anti-fraud provisions of federal securities law. However, it appears that the separately numbered paragraphs of alleged wrongdoings can be relevant as to whether the defendant engaged in a "course of business which operate[d] or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security." Rule 10b–5 (17 C.F.R. § 240.10b–5). The court cannot at this early stage of litigation find that the facts alleged are in no way connected to an improper purchase or sale of securities. Superintendent of Insurance of the State of New York v. Bankers Life and Casualty Co., 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971), cited in Tully v. Mott Supermarkets, Inc., 71–73 CCH Fed.Sec.L.Rep. ¶ 93,377, at 91,932 (D.N.J.1972). In addition, a legally sufficient claim can be developed from a set of facts which give rise to one or more legal rights. Schwartz v. Eaton, 264 F.2d 195, 196 (2d Cir. 1959). The fact that some of the allegations of the complaint are not detailed does not persuade this court that the pleading is in contravention of Fed.R.Civ.P. Rule 8. At the same time the allegations of fraud appear sufficiently particularized to conform with Fed.R.Civ.P. Rule 9(b). Furthermore, a family-owned or close-held securities corporation is not *ipso facto* immune to federal securities regulation, "as long as the jurisdictional requirements as to the use of the mails and instrumentalities of commerce are satisfied." Schine v. Schine, 250 F.Supp. 822 (S.D.N.Y.1966) (Weinfeld, J.). *See* Lewis v. Spiral

Metal Co., 70–71 CCH Fed.Sec.L.Rep. ¶ 92,919 at 90,405 (S.D.N.Y.1971) (Croake, J.).

Continuing its argument against the first and fifth cause of action, movants contend that the alleged violation of Rule 10b–5 is insufficiently set forth as there is an "absence of facts amounting to scienter, intent to defraud, reckless disregard for the truth, or knowing use of a device, scheme or artifice to defraud." Shemtob v. Shearson, Hammill & Co., Inc., 70–71 CCH Fed.Sec.L.Rep. ¶ 93,206 at 91,337 (2d Cir. 1971). The court cannot agree. The complaint contains allegations of wrongful acts and omissions which may clearly support a pattern of willful action to defraud and may amount to more "than a garden variety customer's suit against a broker for breach of contract." Shemtob v. Shearson, Hammill & Co., Inc., *supra*. Cf. Heit v. Weitzen, 402 F.2d 909, 914 (2d Cir. 1968), cert. denied, 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969). The siphoning off of a corporation's assets by insiders has been held to constitute a transaction in fraud of creditors of the corporation. Pettit v. American Stock Exchange, 217 F.Supp. 21, 31 (S.D.N.Y.1963).

The second through seventh causes of action repeat and reallege substantially all of the allegations contained in the first cause of action.

The second cause of action seeks recovery based on violations of fiduciary obligations pursuant to state law. It adequately sets forth facts which are intertwined with the preceding federal cause of action and, if proven, may support a claim upon which relief may be granted. *See* N.Y.Bus. Corp.Law, McKinney's Consol.Laws, c. 4, §§ 717, 720. Any question as to the damage clause being vague and approximate can be rectified during pre-trial discovery. The trustee has standing under N.Y.Bus.Corp.Law § 720.

The third cause of action seeks relief for the purported conspiracy conducted in carrying out the alleged wrongdoings. Movants' argument that this claim is fatally defective for failing to plead facts adequately describing wrongful acts of the alleged conspirators is without merit: the acts and omissions sufficiently alleged in the first cause of action are repeated and realleged in the third cause of action.

The fourth cause of action asserts that because of the alleged self-serving mismanagement the United States presently has a claim against James Anthony for asserted violations of the interest equalization tax provisions of the Internal Revenue Code. The trustee seeks indemnification from defendants in the event and to the extent that the claim for taxes is upheld. The defendants are persuasive in their argument that the tax claim is, as yet, speculative; no loss has yet occurred which would give rise to an indemnity claim. Plaintiff has submitted no authority which contravenes the concept that indemnification for a tortious wrong is rooted in damage sustained. Flanzbaum v. M & M Transportation Co., 203 F.Supp. 365, 371 (E.D.N.Y.) (Dooling, J.), aff'd 310 F.2d 737 (2d Cir. 1962), and "remains inchoate until the settlement or resolution of the primary action." Kantlehner v. United States, 279 F.Supp. 122, 128 (E.D.N.Y. 1967) (Mishler, J.). Accordingly, the fourth cause of action is dismissed without prejudice for being premature.

The sixth cause of action basically asserts the right of the trustee in bankruptcy to proceed against the defendants based on their alleged involvement with preferential or fraudulent transfers where the trustee cannot recover from the original transferee. This claim is defective for its failure to detail the extent, if any, that the defendants are or may be liable. The trustee has not pleaded that, in fact, he cannot

recover against the original transferee nor has he indicated what efforts have been made to avoid the alleged wrongful transfers. The trustee asserts that his investigation into the affairs of the bankrupt are continuing. If he is so advised, the trustee may desire to assert this claim at a time when he has gathered sufficient additional facts.

 The seventh and final cause of action is for reasonable attorneys' fees in connection with the prosecution of this litigation. Rule 54(d) of the Fed. R.Civ.P. provides the court with discretion as to an award of costs. Movants argue that the prevailing practice in this country is not to allow attorneys' fees as costs, and that to award such costs in this case could amount to an abuse of discretion. By this motion, the court is not faced with the question of what might or might not be an abuse of discretion. As to the issue presently before this court, the movants have not sufficiently demonstrated that the court should be foreclosed from exercising its right of discretion at a later date, after the plaintiff has been put to his proof.

The substance of the remaining arguments made by the movants are better suited for a motion for summary judgment. This court finds it premature prior to any responsive pleading to determine issues other than those directly involved with the primary question, as to whether the complainant can "prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The defendants have alluded to the impropriety of discussing a related consent judgment in the complaint, but as they have not properly sought relief as to this matter, the court does not at this time comment on the merits of their assertion. (*See* Fed.R.Civ.P. Rule 12(f); General Rules, S.D.N.Y. Rule 9(b)).

The second branch of this motion seeks to have the complaint replead-

ed. This relief is appropriate "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. Rule 12(e). The court has thoroughly examined the complaint and finds that despite the presence of certain ambiguities, it cannot be said that the complaint is so vague or ambiguous that defendants cannot reasonably be required to frame a responsive pleading.

Accordingly, this motion is denied except as to the fourth and sixth causes of action which are dismissed without prejudice.

So ordered.