■ BROMWELL AULT, Respondent, v JOHN D. SOUTTER et al., Defendants, and AMBROSE MONELL, Appellant. [611 NYS2d 187] — Judgment, Supreme Court, New York County (Carol Huff, J.), entered January 14, 1992, which awarded plaintiff, on behalf of Inverness Management Corp., a total amount of $1,895,920.50, unanimously affirmed, with costs.

Having expressly acquiesced in the corporation's improper loan of almost $1,000,000 to his co-defendant, which led to the extensive self-dealing that has already been established (see, Ault v Soutter, 167 AD2d 38, 40-42, lv dismissed 81 NY2d 1007), defendant-appellant cannot belatedly dispute that he breached his fiduciary duty to the corporation's minority shareholders by "failing to do more than passively rubberstamp the decisions of" his co-defendant (Barr v Wackman, 36 NY2d 371, 381). Defendant-appellant is therefore accountable for the waste of corporate assets notwithstanding the absence of proof that he benefitted personally (Rapoport v Schneider, 29 NY2d 396, 403), and he is liable for all damages flowing from his breach of fiduciary duty as a director (see, Equity Corp. v Groves, 294 NY 8, 12-13), whether those consequential damages occurred during or after the actual period of his wrongful inaction.

We have considered the remaining appellate arguments, and find them to be without merit. Concur—Sullivan, J. P., Ross, Rubin and Tom, JJ.