■ PETER R. BRINCKERHOFF et al., Appellants, v JAC HOLDING CORP. et al., Respondents, et al., Defendant. [770 NYS2d 13]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 19, 2002, which denied plaintiffs' motion for partial summary judgment, granted the cross motion of defendant Larry D. Clay for summary judgment dismissing the derivative claim for misappropriation of corporate opportunity as against him, and granted defendants' cross motion for summary judgment dismissing plaintiffs' direct claim for discriminatory shareholder treatment, unanimously modified, on the law, to the extent of denying defendant Clay's cross motion and reinstating the dismissed derivative claim against him, and

denying defendants' cross motion and reinstating the direct claim for discriminatory shareholder treatment, and otherwise affirmed, without costs.

Initially, we affirm the denial of plaintiffs' application for partial summary judgment on their claims of misappropriation of corporate opportunity. An issue of fact exists as to whether defendant Larry D. Clay used the assets of Hoover Group, Inc., to make a favorable deal for the benefit of Citicorp Venture Capital, Ltd. (CVC) only, and not for Hoover's benefit. Further, insofar as the claim can be interpreted as based upon director and officer inaction in their failure to re-evaluate their decision to sell Hoover's stake in light of the increased profitability of JAC Products, there is an issue of fact as to whether the other defendants made the relevant inquiries. There is also an issue of fact as to whether Hoover's assets were utilized on behalf of another entity in effecting the JAC Products transaction; the issue cannot be determined as a matter of law in light of defendants' claim that the transaction was effected to obtain necessary cash for Hoover and to dispose of a passive asset.

The cross motion by defendant Clay for summary judgment dismissing the derivative claim against him should have been denied. Governing Delaware law does not necessarily require proof that the director have personally obtained a tangible benefit, but only that he acquiesced in approving a wrongful transaction or failed to protect the interests of the corporation and the minority shareholders (see Strassburger v Earley, 752 A2d 557, 581-582 [Del 2000]; Crescent/Mach I Partners, L.P. v Turner, 2000 WL 1481002, at *12-13, 2000 Del Ch LEXIS 145, *41-50 [Del Ch Ct, Sept. 29, 2000]; see also Ault v Soutter, 204 AD2d 131 [1994]). Moreover, the submitted evidence is sufficient to create an issue of fact as to whether he had an expectancy of some sort of future personal benefit, as evidenced by his proposal for a postacquisition share of JAC Products.

Finally, the motion court improperly dismissed plaintiffs' direct claim for special injury from the discriminatory denial of an investment opportunity offered to other Hoover shareholders but not to them. Under Delaware law, a shareholder has standing to bring a direct claim where it has suffered special injury not suffered by all shareholders generally (In re Tri-Star Pictures, Inc., Litig., 634 A2d 319, 330 [Del 1993]). Disparate treatment of shareholders, in effect discrimination, is just such a special injury (see e.g. Rabkin v Philip A. Hunt Chem. Corp., 547 A2d 963, 969 [Del 1986]). Plaintiffs assert that two classes of shareholders received disparate treatment: the majority CVC-affiliated Hoover shareholders, who were given the opportunity

to purchase JAC Products stock, and the minority Hoover shareholders, who were not. The claimed business purpose or justification for the disparity, the rewarding of CVC employees, does not insulate defendants, as a matter of law, from liability for such treatment. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.