■ PETER R. BRINCKERHOFF et al., Appellants, v JAC HOLDING CORP. et al., Respondents, et al., Defendants. [782 NYS2d 58]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 19, 2002, which denied plaintiffs' motion for partial summary judgment, granted the cross motion of defendant Larry D. Clay for summary judgment dismissing the derivative claim for misappropriation of corporate opportunity as against him, and granted defendants' cross motion for summary judgment dismissing plaintiffs' direct claim for discriminatory shareholder treatment, unanimously modified, on the law, to the extent of denying defendant Clay's cross motion and reinstating the dismissed derivative claim against him, and denying defendants' cross motion and reinstating the direct claim for discriminatory shareholder treatment, and otherwise affirmed, without costs.

Initially, we affirm the denial of plaintiffs' application for partial summary judgment on their claims of misappropriation of corporate opportunity. An issue of fact exists as to whether defendant Larry D. Clay used the assets of Hoover Group, Inc., to make a favorable deal for the benefit of Citicorp Venture Capital, Ltd. (CVC) only, and not for Hoover's benefit. Further, insofar as the claim can be interpreted as based upon director and officer inaction in their failure to re-evaluate their decision to sell Hoover's stake in light of the increased profitability of JAC Products, there is an issue of fact as to whether the other defendants made the relevant inquiries. There is also an issue of fact as to whether Hoover's assets were utilized on behalf of

another entity in effecting the JAC Products transaction; the issue cannot be determined as a matter of law in light of defendants' claim that the transaction was effected to obtain necessary cash for Hoover and to dispose of a passive asset.

The cross motion by defendant Clay for summary judgment dismissing the derivative claim against him should have been denied. Governing Delaware law does not necessarily require proof that the director have personally obtained a tangible benefit, but only that he acquiesced in approving a wrongful transaction or failed to protect the interests of the corporation and the .minority shareholders (*see Strassburger v Earley*, 752 A2d 557, 581-582 [Del 2000]; *Crescent/Mach I Partners, L.P. v Turner*, 846 A2d 963, 981 [Del Ch Ct 2000]; *see also Ault v Soutter*, 204 AD2d 131 [1994]). Moreover, the submitted evidence is sufficient to create an issue of fact as to whether he had an expectancy of some sort of future personal benefit, as evidenced by his proposal for a postacquisition share of JAC Products.

Finally, the motion court improperly dismissed plaintiffs' direct claim based upon the discriminatory denial of the benefit of an investment transaction received by other Hoover shareholders but not by plaintiffs. Under Delaware law, a shareholder may bring a direct claim where he or she has suffered harm not suffered by the corporation generally, and will be individually entitled to the benefit of the remedy obtained (*Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031 [Del 2004]). The claim that a transaction was handled in a discriminatory fashion so that plaintiffs and similarly situated (non-CVC-affiliated) minority shareholders received a lesser benefit than other shareholders sets forth a form of harm suffered individually rather than by the corporation. This calls for individual relief, and entitles plaintiffs to proceed with a direct claim. The claimed business purpose or justification for the disparity, the rewarding of CVC employees, does not insulate defendants, as a matter of law, from liability for such treatment.

Reargument granted and upon reargument, the decision and order of this Court entered herein on December 16, 2003 (2 AD3d 250) is hereby recalled and vacated. Concur—Saxe, J.P., Williams, Marlow and Gonzalez, JJ.