SEMI-TECH LITIGATION, L.L.C., Respondent-Appellant, v JAMES H. TING et al., Appellants, and ERNST & YOUNG LLP (an Ontario Limited Liability Partnership), Appellant-Respondent, et al., Defendants. [787 NYS2d 234]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 24, 2004, which denied defendants' motions to dismiss the first amended complaint in its entirety for lack of personal jurisdiction, lack of standing, failure to plead fraud with particularity (CPLR 3016 [b]), and insufficiency (CPLR 3211 [a] [1], [7]), but granted the motion of defendant Ernst & Young (Ontario) to dismiss the causes of action against it for negligent misrepresentation and accounting malpractice, unanimously modified, on the law, to the extent of dismissing the cause of action for breach of fiduciary duty against defendant Gnat and reinstating the dismissed causes of action, and otherwise affirmed, without costs.

This is an action brought by an entity created by the Bankruptcy Court to pursue claims for the benefit of the corporate debtor's estate, where the chapter 11 confirmed plan assigned the debtor's claims to plaintiff. Many of the creditors are noteholders subject to a 1993 trust indenture. Plaintiff alleges that former officers and directors of the debtor and its subsidiaries caused the debtor to engage in prohibited transactions that constituted defaults under the indenture, with the complicity of and subsequent cover-up by the accountants who were required to certify to the trustee whether there had been defaults.

The motion court properly found that there was jurisdiction

over the officer defendants and over the accounting firm that issued the auditors' certificates pursuant to CPLR 302 (a) (1), based upon their allegedly false ongoing certifications to the trustee, and over the director defendants based on their complicity (*see McGowan v Smith*, 52 NY2d 268, 271-272 [1981]). The prospect of these defendants having to defend a suit in New York comports with due process (*see LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 217 [2000]). In view of the foregoing, it is unnecessary to address the other grounds advanced to support jurisdiction over these defendants. There was jurisdiction pursuant to both CPLR 302 (a) (1) and (2) over Ernst & Young (Hong Kong) based on the admission, which is uncontested, that its members attended meetings in New York where the allegedly false certificates and their consequences were discussed, and where the purported cover-up was allegedly advanced.

Contrary to defendants' contention, plaintiff has standing to bring this action (*see Semi-Tech Litig., LLC v Bankers Trust Co.*, 272 F Supp 2d 319 [2003]; *In re Ben Franklin Retail Stores, Inc. [Steinberg v Kendig]*, 225 BR 646, 649-650 [Bankr Ct, ND Ill 1998]). Our decision in *Barnes v Hirsch* (215 App Div 10 [1925], *affd* 242 NY 555 [1926], *cert denied* 273 US 709 [1926]), which was decided before revisions to the bankruptcy laws and which, in distinction to the present case involving an assignment by the Bankruptcy Court to a specially created entity, involved assignments by the individual creditors to the trustee, does not compel a different result.

Fraud was pleaded against the accountants with sufficient particularity (*see Houbigant, Inc. v Deloitte & Touche, LLP,* 303 AD2d 92, 97-98 [2003]; *see also e.g. Franklin High Income Trust v APP Global, Ltd.,* 7 AD3d 400 [2004]) and was sufficiently stated (*see e.g. Knight Sec., L.P. v Fiduciary Trust Co.*, 5 AD3d 172 [2004]). The representations by the issuer of the auditors' certificates were chargeable, on theories of conspiracy and aiding and abetting fraud, to accounting firms that had prepared accounting materials with the knowledge and expectation that they would be incorporated into the audit work and certificates of the issuer. They were chargeable, at this pleading juncture, to Ernst & Young International, despite its position that the Ernst & Young entities are not an actual partnership, based on its representations (*see* Partnership Law § 27; *Royal Bank & Trust Co. v Weintraub, Gold & Alper,* 68 NY2d 124, 128-129 [1986]). We find that the required element of proximate cause was sufficiently alleged.

However, the motion court should have dismissed the claim for breach of fiduciary duty against director Gnat, who was no

longer a director of the debtor when it became insolvent. A director does not owe a fiduciary duty to the creditors of a solvent corporation (*see Clarkson Co. Ltd. v Shaheen*, 660 F2d 506, 512 [1981], *cert denied* 455 US 990 [1982]) and, contrary to plaintiff's contention, its allegations do not support a reasonable inference that it would have been revealed during this director's tenure that the corporation was insolvent if the defaults under the indenture had been timely disclosed. We note that resort to the law of Canada was not mandated on this issue since the internal affairs doctrine was not implicated (*see Richbell Info. Servs., Inc. v Jupiter Partners, L.P.*, 309 AD2d 288, 301 [2003]; *cf., Brinckerhoff v JAC Holding Corp.*, 10 AD3d 520 [2004]).

On the other hand, the causes of action for negligent misrepresentation and malpractice against Ernst & Young (Ontario) should not have been dismissed. The privity necessary to support these claims was sufficiently alleged, i.e., that the accountants were aware the indenture trustee and noteholders would reasonably rely on their representations for a particular purpose and that the accountants engaged in conduct evincing their understanding of that reliance (*see Securities Inv. Protection Corp. v BDO Seidman, L.L.P.*, 95 NY2d 702, 711 [2001]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.