Breitel, J.
Plaintiffs, in their status both as directors and stockholders, brought this derivative action on behalf of the corporation against other directors to prevent the allegedly improper payment of a duplicate claim for real estate commissions and for an accounting. Plaintiffs appeal from the dismissal of the first cause of action alleged in their status as directors. The issues are the invalidity of the resolution authorizing payment of the claim for lack of proper notice and the conflict of interest of some directors who voted for it, and the sufficiency of facts alleged to charge the directors with misconduct for authorization or payment of the improper claim.
Special Term, on motion addressed to the whole complaint, dismissed only the first cause of action for legal insufficiency with an opinion. The second cause of action alleged on behalf of plaintiffs as stockholders was not disturbed. The Appellate Division affirmed. Plaintiffs appeal by permission of this court.
There should be a reversal, and the motion to dismiss denied. *399 A cause of action is stated by allegations that one director lacked notice of the directors’ meeting at which the resolution in question was adopted, and by allegations that the defendant directors knowingly authorized payment of an improper claim.
All plaintiffs and all individual defendants are directors of New York Equities, Inc., a publicly-held corporation. Its real properties were first managed by Strand Management Inc., and later by Helmsley-Spear, Inc. At relevant times, plaintiff Rapoport was the sole owner of Strand; and three of the defendants, Schneider, Scott, and Winter, were respectively executive vice-president, vice-president, and treasurer of Helmsley.
On September 17, 1970, a special meeting of the board of Equities was convened allegedly without notice to plaintiff Marantz. The stated purpose of the meeting was to consider any defense Equities might have against a pending action by Strand for commissions originally in the amount of $190,000. The directors, by a vote of four to two, adopted a resolution to pay a claim by Helmsley alleged to ‘ ‘ duplicate substantially the claims made by Strand ”. Schneider and Winter, two officers of Helmsley present, voted for the resolution. Plaintiffs Rapoport and Griber voted against it. Plaintiffs argue that defendants Schneider and Winter should have disqualified themselves because of their conflict of interest, and that, if they had, the result would have been different. Payment of the Helmsley claim, it is alleged, “ depletes the assets ’ ’ of Equities by unnecessary disbursement and exposure to a double liability for the same sum.
Plaintiffs have demanded an accounting by the defendant directors, a declaration that the resolution authorizing payment of the Helmsley claim is void, and defendants be enjoined from paying the claim. Nothing in the record indicates whether or not the claim has in fact been paid.
Special Term appears to have dismissed the directors’ cause of action on the ground that only a stockholders’ derivative action was appropriate. This view is erroneous, and has evidently been abandoned by respondents. Section 720 (subd. [b]) of the Business Corporation Law expressly authorizes directors to sue other directors for misconduct.
Section 720 of the Business Corporation Law under which this action was brought provides:
*400 “ (a) An action may be brought against one or more directors or officers of a corporation to procure a judgment for the following relief:
“ (1) To compel the defendant to account for his official conduct in the following cases:
“ (A) The neglect off,'or failure to perform, or other violation of his duties in the management and disposition of corporate assets committed to his charge.
“(B) The acquisition by himself, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his duties.
“ (2) To set aside an unlawful conveyance, assignment or transfer of corporate assets, where the transferee knew of its unlawfulness.
“ (3) To enjoin a proposed unlawful conveyance, assignment or transfer of corporate assets, where there is sufficient evidence that it will be made.
‘ ‘ (b) An action may be brought for the relief provided in this section, and in paragraph (a) of section 719 (Liability of directors in certain cases) by a corporation, or a receiver, trustee in bankruptcy, officer, director or judgment creditor thereof, or, under section 626 (Shareholders’ derivative action brought in the right of the corporation to procure a judgment in its favor), by a shareholder, voting trust certificate holder, or the owner of a beneficial interest in shares thereof.” Section 720 was derived from sections 60 and 61, and their predecessors, former sections 90 and 91, of the General Corporation Law. The present statute and the predecessor sections embrace common-law and statutory causes of action imposing liability on directors (12 N. Y. Jur., Corporations, § 783; see, e.g., Manix v. Fantl, 209 App. Div. 756; People v. Equitable Life Assur. Soc., 124 App. Div. 714, 733-735). The statute is broad and covers every form of waste of assets and violation of duty whether as a result of intention, negligence, or predatory acquisition. Since this case involves payment of a duplicated claim and, therefore, a false one, if plaintiffs’ allegations are true, the cause of action by plaintiffs in their status as directors is within the statute’s compass.
Defendants argue, however, that plaintiff directors may not maintain an action under section 720 because they too have a *401 conflict of interest. This question of standing, once reserved in passing in Tenney v. Rosenthal (6 N Y 2d 204, 210), still need not be decided. True, plaintiff Rapoport has a conflict of interest as a result of his sole ownership of Strand. In searching for a conflict of interest, however, on the part of the other two plaintiffs, the court may look to the complaint and undisputed facts contained in the answer and affidavits (CPLR 3211, subd. [c] ; Hamilton Print. Co. v. Payne Corp., 26 A D 2d 876; Epps v. Yonkers Raceway, 21 A D 2d 798; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶3211.43; 6 Carmody-Wait, 2d, N. Y. Prac., § 38:38). Although defendants’ attorney argued orally that plaintiffs Giber and Marantz have a conflict of interest, the record reveals no allegation or evidence of it. It follows, therefore, that at least two plaintiffs are directors without a personal interest in the questioned transaction. Since any benefit derived from this action would accrue to the corporation, the action should not be barred, assuming that a conflict in interest might create a bar, at least where one or more of the complaining directors have no conflict of interest.
As noted above, it is alleged that one director, Marantz, received no notice of the directors’ meeting. The lawfulness of the payment or proposed payment of the claim under sections 720 (subd. [a], par. [2]) and 720 (subd. [a], par. [3]) above depends on the validity of the resolution adopted. If lack of notice renders actions taken at that meeting invalid, then the authorization would be unlawful.
Because this was a special meeting, notice to directors was required (Business Corporation Law, § 711, subd. [a] ; 12 N. Y. Jur., Corporations, § 607). Notice may be waived (see Business Corporation Law, § 711, subd. [c]), but, absent ratification, failure to notify directors of a special meeting renders actions taken at the meeting invalid (Cirrincione v. Polizzi, 14 A D 2d 281, 283; 2 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 406, p. 255; 12 N. Y. Jur., Corporations, § 609; cf. People v. Batchelor, 22 N. Y. 128, 134; Prince Mfg. Co. v. Prince’s Metallic Paint Co., 20 N. Y. S. 462, 467, revd. on other grounds 60 Hun 583, opn. in 15 N. Y. S. 249, revd. 135 N. Y. 24; Sturndorf v. Samurai Co., 121 N. Y. S. 217). Although it may eventuate upon a trial that notice may have been adequate under the by *402 laws of Equities (see Business Corporation Law, § 711, subd. [b]), or, perhaps, by the statutory mailing presumption (Business Corporation Law, § 108, subd. [c]), the unqualified allegation that one director did not receive any notice of the meeting should be sufficient to put the adequacy of notice in issue (CPLR 3013). Consequently, the first cause of action is sustainable, if for no other reason than on the basis of the alleged lack of notice.
Plaintiffs allege in addition that the resolution is invalid because of participation by interested directors. Defendant directors Schneider and Winter, who voted for the resolution, were, as observed earlier, officers of Helmsley. Plaintiff Rapoport, who voted against the resolution, was the sole owner of Strand, the competing claimant for the commissions. The outside relationships of these three directors were undoubtedly known to all the directors of Equities.
The Business Corporation Law provides that where “interested” directors, who have disclosed their interest, vote on a resolution, the resolution is nonetheless valid if a majority of the disinterested directors vote in its favor (former § 713, subd. [a], par. [1], as last amd. by L. 1965, ch. 803, § 29). A director is “interested” if he is an officer or director of another corporation apparently involved in the questioned transaction (id., former § 713, subd. [a]; 2 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 428). Thus, all three of the directors mentioned are “interested”. Not counting the votes of these directors, there remain the votes of two disinterested directors in favor of the resolution, H. Klein and I. Klein, and the vote of one disinterested director, Giber, opposed to the resolution. A quorum of votes cast by disinterested directors is not required (Business Corporation Law, § 713, subd. [c]). Under the rule of section 713, therefore, the resolution is not invalid because of the participation of interested directors.
Despite the validity of the resolution under section 713, the interested directors may in any event be liable for having participated in a transaction from which they may derive an indirect personal benefit. It is not necessary, however, to reach this question. To assert liability for waste, it is sufficient to allege that the directors have knowingly authorized payment of a dupli *403 cate claim out of corporate funds. It is and has always been general law that a director may be held accountable for the waste of corporate assets whether intentional or negligent without limitation to transactions from which he benefits (e.g., General Rubber Co. v. Benedict, 215 N. Y. 18, 21; Bosworth v. Allen, 168 N. Y. 157, 165-166; Leslie v. Lorillard, 110 N. Y. 519, 536; Brinckerhoff v. Bostwick, 88 N. Y. 52, 56; Jersawit v. Kaltenbach, 253 App. Div. 265, 268; 12 N. Y. Jur., Corporations, § 719).
The allegations of the “ duplication ’ ’ of the Helmsley claim are adequate to meet the criticism that they are conclusory (cf. Foley v. D’Agostino, 21 A D 2d 60, 68). The cause of action alleges that Equities had been sued by Strand to recover commissions, that the lawsuit had already been partly settled, and that the Helmsley claim was for substantially the same services as the Strand claim. Although this is a rather skimpy allegation of a duplicated claim, its thrust is plain and unmistakable in establishing, if true, that the claim was a false one. The primary purpose of pleadings, that of notice, is, therefore, served (CPLR 3013; Foley v. D’Agostino, supra, at pp. 62-63).
Notably, Special Term did not find the allegations insufficient with respect to the stockholders’ cause of action, a cause of action alleged in a short form to depend upon the allegations of the first cause of action by incorporation by reference. On the contrary, the motion to dismiss was denied in that respect.
Accordingly, the order of the Appellate Division should be reversed and the motion to dismiss the complaint denied, with costs in all courts.
Chief Judge Fuld and Judges Burke, Sgxleppi, Bbrgan, Jasen and Gibson concur.
Order reversed, etc.