**In re PRINCETON INDUSTRIES, INC., Debtor.**

**Bruce D. SCHERLING, as Trustee of Princeton Industries, Inc., Plaintiff,**

**v.**

**Gerard REM, Ira Turret and/or Henry Bayles, as Executors of the Estate of Henry Rem and the Estate of Henry Rem, et al., Defendants.**

**Bankruptcy No. 80 B 11850 (EJR). Adv. No. 83–5348–A.**

United States Bankruptcy Court, S.D. New York.

April 10, 1984.

Angel & Frankel, New York City, for defendants.

Jasper & Jasper, New York City, for plaintiff.

### DECISION AND ORDER ON MOTION TO DISMISS

EDWARD J. RYAN, Bankruptcy Judge.

On November 5, 1980 Princeton Industries, Inc. filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. On July 14, 1981 upon the motion of the Official Committee of Unsecured Creditors, the case was converted to a Chapter 7 proceeding.

On March 23, 1983, the trustee for the debtor commenced an adversary proceeding against the above captioned defendants. The trustee alleges in his complaint that there was gross mismanagement and self dealing among the officers, directors, shareholders and certain employees of the debtor corporation. Pursuant to section 541(a) of the Bankruptcy Code and section 720 of the New York Business Corporation Law (BCL), the trustee requests in the first count of the complaint

... that the officers and directors be compelled to account for all money and property of the debtor during the period that they were officers and/or directors of the debtor and [for] judgment against the defendants and/or officers for any money or property of the debtor found to have been wrongfully or fraudulently paid out, disbursed or delivered or which has in any manner been lost or wasted.

The remaining nine counts are claims under Article 10 of the New York Debtor & Creditor Law and sections 544(b), 547, 548(a)(2) and 549 of the Bankruptcy Code.

On May 11, 1983, six of the defendants [1] filed a motion to dismiss the complaint on the basis that: 1. The allegations in the complaint with regard to fiduciary conduct and fraud are vague and conclusory; 2. The trustee has failed to establish a fiduciary relationship between Princeton and the moving defendants; 3. A request for an equitable accounting under section 720 can be brought only when the moving party has established that he has no adequate remedy at law, and that in this situation the trustee has an adequate remedy at law through the availability of Bankruptcy Rule 205.[2]

■ This court finds that the complaint states facts which support the conclusion that the defendants violated their duties as fiduciaries in the management and disposition of corporate assets. For example, paragraph 18 of the amended complaint states "the officers endorsed checks to themselves which were payable to the debtor and personally appropriated the funds." Additionally, Paragraph 10 of the affirmation in opposition to the motion to dismiss the complaint identified check # 2254 as one of the checks allegedly misappropriated.

As to the claim that the trustee has failed to establish a fiduciary relationship between Princeton and the moving defendants, the trustee amply demonstrates the existence of a fiduciary relationship by pleading that the defendants were the debtor's officers and directors. *See, Albert A. Volk Co. v. Fleschner Bros.*, Sup., 60 N.Y. S.2d 244 (1945).

■ Finally, Princeton need not establish that it has no adequate remedy at law to bring an action under section 720 of the BCL. Section 720 provides that an action may be brought against a director to compel him to account for the violation of his duties in the management and disposition of corporate assets. It has been held that section 720 is to be broadly construed and is to cover every form of waste of assets and violation of corporate duty. *Rapoport v. Schneinder*, 29 N.Y.2d 396, 400, 328 N.Y.S.2d 431, 278 N.E.2d 642 (1972). Whether pursuit of relief under section 720 is labeled an accounting or a suit for damages is inconsequential. *Klein v. Tabatchnick*, 610 F.2d 1043, 1050 (2d Cir.1979). Additionally, a trustee has standing under section 720 of the BCL. *Bush v. Masiello*, 55 F.R.D. 72, 78 (S.D.N.Y.1972).

■ A Rule 205 examination does not provide all of the relief that is available under section 720 of the BCL. A Rule 205 examination is exclusively a discovery device which allows a large latitude of inquiry of persons closely connected with the debtor in business dealings for the purpose of discovering assets and unearthing fraud. *In re Georgetown of Kettering*, 17 B.R. 73, 75 (Bkrtcy.S.D.Ohio 1981). In comparison, section 720 of the BCL not only provides for an accounting by the fiduciaries of the corporation, but also provides for the recovery of any money misappropriated by the officers of the corporation. Thus, the trustee should be allowed to pursue his claim under section 720 of the BCL.

The defendants also claim that since the complaint contains unsupported, general and conclusory allegations it should be dismissed under Rule 12(b)(6) for failure to

---

1. Gerard Rem; Richard Rem; Mary Rem; Princeton Knitting Mills, Inc.; Fonda Manufacturing Corp.; Rembrandt Industries, Inc.

2. Currently Rule 2004 as promulgated by the Supreme Court on August 1, 1983.

state a claim upon which relief can be granted.

 The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a "short and plain statement" that the pleader is entitled to relief. *See, Wright & Miller Federal Practice & Procedure* § 1356 at 590 (1982). For purposes of this motion, the factual allegations of the complaint are to be taken as true, *Stockwell v. Reynolds*, 252 F.Supp. 215, 218 (S.D.N.Y.1965), and liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1968). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80.

The trustee asserts in the separately numbered paragraphs of his complaint that the defendants were officers and directors of Princeton; that they violated their duties in the management and disposition of the corporate assets committed to their charge, and that they acquired and transferred to others corporate assets in violation of their duties. These allegations could be relevant to trustee's claim under section 720, and therefore an evidentiary hearing is required. Accordingly, the motion to dismiss pursuant to Rule 12(b)(6) is denied.

The defendants Princeton Knitting Mills, Inc., Fonda Manufacturing Corp., and Rembrandt Industries, Inc. move to dismiss the complaint under Rule 12(b)(4) and (5) on the ground that service on the law firm of Phillips, Nizer, Benjamin, Krim and Ballon (Phillips, Nizer) was not proper since this firm did not represent these defendants either as attorneys or as agents for process. However, Exhibit A of trustee's affirmation in opposition to the mo-

tion to dismiss, which is uncontroverted, establishes that papers on file with the New York Secretary of State reflect Phillips, Nizer as agents for process for the three moving defendants. Thus, the motion under Rule 12(b)(4) and (5) is denied.[3]

It is so ordered.

---

**3.** The defendants also sought dismissal under F.R.Civ.P. 11 because the complaint was unsigned and undated. They withdrew this argument in open court on May 9, 1983. Record at 4.