No. 57,573

EXECUTIVE FINANCIAL SERVICES, INC., *Appellee and Cross-Appellant,* v. JAMES B. LOYD and GENE R. MOHR, d/b/a/ MOHR-LOYD LEASING and TRI-COUNTY FARM EQUIPMENT CO., *Appellants and Cross-Appellees.*

(715 P.2d 376)

Opinion filed February 21, 1986.

*Randolph G. Willis,* of Watson, Ess, Marshall & Enggas, of Olathe, argued the cause and *Nathan C. Harbur* and *Kenneth C. Jones,* of the same firm, were on the briefs for appellants/cross-appellees.

*Michael E. Whitsitt,* of Overland Park, argued the cause and was on the brief for appellee/cross-appellant.

The opinion of the court was delivered by

HERD, J.: This is an appeal from the district court's grant of summary judgment in favor of Executive Financial Services (EFS) on its breach of contract claim, and the subsequent dismissal of defendants' counterclaim based on negligence.

This case arose out of the sale and lease/financing of three tractors. EFS purchased the three tractors from Tri-County Farm Equipment Company (Tri-County), a John Deere farm implement dealership corporation owned by James Loyd and Gene Mohr. EFS then leased the tractors to Mohr-Loyd Leasing, a partnership between Mohr and Loyd. The primary business purpose of the partnership was to buy office equipment and vehicles for lease to Tri-County and to act as a tax shelter for Mohr and Loyd. A secondary operation of the partnership involved the acquisition of farm equipment for lease to farmers.

The first transaction involves John Deere tractor model No. 8640. On July 19, 1982, James Loyd executed a purchase order

on behalf of Tri-County, whereby Tri-County sold John Deere tractor model No. 8640 to EFS for $48,000. Concurrently, Loyd signed an agreement allegedly on behalf of Mohr-Loyd Leasing, whereby Mohr-Loyd agreed to lease the tractor from EFS. Loyd also completed a resolution of the Board of Directors of Tri-County authorizing Tri-County's corporate guarantee of the lease transaction. As payment for the tractors, EFS issued a $48,000 check made payable to Tri-County, which was deposited by Loyd into one of his personal business accounts.

Similar documents exist with respect to the second and third lease transactions, whereby two more John Deere tractors were purchased by EFS from Tri-County and leased to Mohr-Loyd Leasing. The second transaction was completed on August 30, 1982, for a purchase price of $19,000. The third transaction was completed November 3, 1982, for a purchase price of $38,000.

Within two months of these transactions, Loyd sold all three tractors to third parties and Mohr-Loyd Leasing and Tri-County defaulted on the leases. EFS then filed the present action on May 6, 1983, alleging breach of contract, fraud, conversion and embezzlement, and seeking money damages and replevin. Tri-County Farm Equipment and Gene Mohr then filed a counter-claim against EFS based on negligence.

The trial court granted summary judgment in favor of EFS on its breach of contract claim and summarily dismissed appellants' counterclaim. The trial court then stayed execution on the judg-ment pending the outcome of litigation in two related cases, captioned *Executive Financial Services, Inc. v. Donald H. Pagel, et al.,* case No. 83-C-84 in the Jackson District Court, and *Executive Financial Services v. Marvin Allen, Jr., et al.,* case No. 121639 in the Johnson District Court. Judgment has since been rendered in these cases and they are the subject of a consolidated appeal to this court. See *Executive Financial Services, Inc. v. Pagel,* 238 Kan. 809, 715 P.2d 381 (1986).

Appellants Gene Mohr and Tri-County appeal from the district court's grant of summary judgment in favor of EFS and EFS cross-appeals from the district court's stay of execution on the judgment and dismissal of Count II of its petition.

The first issue on appeal is whether a material question of fact remained as to James Loyd's actual or apparent authority to act for or on behalf of Mohr-Loyd Leasing or Tri-County Farm

Equipment Company. The trial court found that Loyd, as an officer and agent of the corporation, had the authority to bind Tri-County and, as a general partner, had the authority to bind Mohr-Loyd Leasing.

The question of Loyd's authority to act on behalf of Mohr-Loyd Leasing is governed by K.S.A. 56-309(a) and (b), which provides:

"(a) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he or she is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom the partner is dealing has knowledge of the fact that he or she has no such authority.

"(b) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners."

Thus, we see a partner's authority to act is limited to transactions within the scope of the partnership business, or within the apparent scope of the partner's authority.

Appellants contend Loyd's transactions with EFS were not for the purpose of the "carrying on of the business of the partnership in the usual way" and that Loyd had no authority to act on behalf of the partnership in this particular matter. In other words, they claim Loyd was not authorized to commit illegal acts and that neither the partnership nor corporation should be bound by such acts.

The evidence established, and the trial court held, that the business of Mohr-Loyd Leasing involved the purchase of office equipment and vehicles for lease to Tri-County and the acquisition of farm equipment for lease to farmers. Thus, Loyd was acting within the usual course of the partnership business when he acquired three tractors from EFS for subsequent lease to farmers. The fact that Mohr-Loyd Leasing did not actually lease the tractors to farmers is immaterial. Thus, as a general partner, Loyd had both apparent and actual authority to act within the usual course of partnership business, even though he used his authority illegally. The trial court did not err in so holding.

Likewise, Tri-County is bound by the acts of Loyd since generally a corporation is bound by contracts entered into on its behalf by its duly authorized officers or agents acting within the scope of their authority. Loyd was a director, officer and fifty

percent shareholder in Tri-County. He was authorized to sign all orders, contracts and notes for Tri-County. Thus, Loyd acted within the scope of his authority in guaranteeing the lease transaction in question. The fact that Mohr was not aware of the lease transactions and did not specifically authorize them is not controlling here since Loyd was acting within the scope of his authority. A corporation may be bound by a contract entered into by an agent or officer even if it is not communicated to the company. 18B Am. Jur. 2d, Corporations § 1666, p. 519.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Peoples Nat'l Bank & Trust v. Excel Corp.*, 236 Kan. 687, 695, 695 P.2d 444 (1985).

The trial court did not err in finding no material question of fact remained as to James Loyd's authority to act on behalf of either Mohr-Loyd Leasing or Tri-County.

Appellants next contend the trial court erred in granting summary judgment prior to the hearing date set by the parties for oral argument.

EFS, along with its motion for summary judgment, filed a notice for hearing on March 16, 1984. The trial court filed its memorandum decision sustaining EFS's motion for summary judgment on March 8, 1984.

Supreme Court Rule 133, 235 Kan. cv-cvi, provides in part:

"If the motion [seeking a ruling on the merits of the action] also contains a request for oral argument, or within five days of the service of the motion an adverse party serves and files a request for oral argument, no ruling shall be made on the motion without opportunity being given to counsel to present such arguments."

EFS contends its motion for summary judgment contained no request for oral argument, but was merely the required notice of a date and time for hearing. Thus, EFS argues that the appellants were required to file a request for oral argument. Since appellants failed to do so, EFS contends appellants have no grounds for complaint on appeal.

Under Rule 133, the adverse party has five days from the date of service of the motion to request oral argument. Appellants had an opportunity to request oral argument, but they did not do so, thus they cannot now complain of the trial court's granting

summary judgment without the benefit of oral argument. The notice of the time and place of hearing of a motion is not a request for oral argument.

Appellants also allege the trial court erred by considering an "unverified affidavit" in rendering its summary judgment decision.

On January 31, 1984, EFS submitted the unverified affidavits of Michael Cohen and James Neese for the trial court's consideration in rendering its decision on EFS's motion for summary judgment.

Appellants admit that a verified affidavit of Michael Cohen was later filed but contend the Neese affidavit was never properly submitted. Appellants' argument on this issue is without merit since the properly verified affidavit of James Neese was filed with the trial court on February 10, 1984, and is a part of the record on appeal.

The appellants next contend the trial court erred in dismissing their counterclaim against EFS since a material question of fact remained as to the alleged negligence of EFS.

Appellants filed a counterclaim against EFS based on the second and third lease transactions which formed the basis of EFS's claim against Tri-County and Mohr-Loyd Leasing. As support for their claim, appellants alleged that EFS either knew or should have known that the proceeds from checks delivered to Loyd were diverted from Tri-County to Loyd's personal business account. Additionally, appellants argue EFS should have known that the signatures on the sale and lease transactions purporting to be Gene R. Mohr's were forgeries. Finally, appellants suggest that EFS knew the Tri-County corporate resolutions obtained by EFS were fraudulently obtained by Loyd. Appellants filed a timely request for jury trial on the issue of EFS's negligence.

The trial court ruled on appellants' counterclaim as follows:

"That the counterclaim of defendants Gene Mohr, Mohr-Loyd Leasing and Tri-County Farm Equipment Co. against plaintiff is hereby dismissed by virtue of this court's judgment entered against them."

EFS argues the above ruling was proper since no material question of fact remained as to the issue of EFS's negligence. We have determined that Loyd had authority to conduct the transactions in question, and thus EFS had no reason to know of any

lack of authority, and no duty to investigate the situation any further.

Appellants also allege the trial court erred in dismissing their counterclaim without setting forth specific findings of fact and conclusions of law to support its order of dismissal. This argument lacks merit since, in the journal entry dismissing defendants' counterclaim, the court stated, "[T]he Memorandum Decisions of this court filed March 8, 1984, and July 13, 1984, are the findings of fact and conclusions of law of this court and are incorporated herein by reference as though more fully set out herein." In the memorandum decisions of March 8 and July 13, the court sets out the findings of fact and conclusions of law relevant to the defendants' counterclaim. We can find no error in the trial court's failure to repeat the findings of fact and conclusions of law in its decision dismissing appellants' counterclaim.

In its cross-appeal, EFS argues the trial court erred in imposing a stay of execution upon its judgment against appellants, pending the outcome of two cases, *Executive Financial Services, Inc. v. Donald H. Pagel, et al.*, case No. 83-C-84, in the district court of Jackson County, and *Executive Financial Services, Inc. v. Marvin Allen, Jr., et al.*, case No. 121639, in the district court of Johnson County. Judgment has since been rendered in these cases and they are presently the subject of consolidated appeals in this court. EFS has since proceeded to judgment in this case and the trial court's stay of execution was effectively lifted.

Any decision by this court as to the appropriateness of the stay imposed by the trial court would be of no consequence, since EFS was denied judgment in the other cases and the stay has been lifted. Thus, the issue is moot. As often repeated, we will not decide questions when our decision will not pertain to an actual case or controversy and where the judgment itself would be unavailing. *State ex rel. Stephan v. Pepsi-Cola Gen'l Bottlers, Inc.*, 232 Kan. 843, 844, 659 P.2d 213 (1983).

EFS also cross-appeals on the ground the trial court erred in holding EFS was precluded from recovery against the appellants based upon fraud, conversion and embezzlement, since EFS had already been granted judgment on its breach of contract claim. The trial court recognized the claims were not inconsistent but found plaintiff could not be permitted to recover twice for the same element of damages.

The damages which EFS sought were identical under both

Counts I and II of its petition, with the exception of punitive damages. Since the trial court found for EFS on Count I of its petition alleging breach of contract, EFS was precluded from recovering damages under the tort theories alleged in Count II of its petition. A verdict of actual damages is essential for a recovery of punitive damages. *Lindquist v. Ayerst Laboratories, Inc.,* 227 Kan. 308, 316, 607 P.2d 1339 (1980). Since EFS could not recover actual damages under its tort theories, no award of punitive damages was possible. The trial court did not err in dismissing Count II of appellee's petition.

The judgment of the trial court is affirmed.

LOCKETT, J., concurring and dissenting: I agree with the majority's decision in this case except for that portion which precludes EFS from any recovery based upon fraud, conversion and embezzlement (a tort claim). EFS alleged in Count I that defendants had breached the contract and in Count II that the defendants had, in addition to the breach of contract, committed an independent tort by acts of fraud. Refusing to allow the plaintiff to recover punitive damages for an independent tort claim when breach of contract has been established is contrary to our decisions in *W-V Enterprises, Inc. v. Federal Savings & Loan Ins. Corp.,* 234 Kan. 354, 673 P.2d 1112 (1983), and *Atkinson v. Orkin Exterminating Co.,* 5 Kan. App. 2d 739, 625 P.2d 505, *aff'd* 230 Kan. 277, 634 P.2d 1071 (1981).