**Frank S. SCHMIDT, Plaintiff,**

**v.**

**FARM CREDIT SERVICES, formerly d/b/a Federal Land Bank of Wichita, and Schmidt C & R Co., Inc., Defendants.**

**No. 88–4102–S.**

United States District Court, D. Kansas.

May 31, 1990.

Kent E. Oleen, Vogel & Oleen, Manhattan, Kan., for plaintiff.

B. Keith Kocher, Shaw, Hergenreter, Quarnstrom & Kocher, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on cross motions for summary judgment filed by plaintiff Frank S. Schmidt and defendant Farm Credit Services. Plaintiff, a resident of California, is a minority shareholder in Schmidt C & R Co., Inc. ("defendant corporation"). Plaintiff brings this derivative shareholder's action to have the court set aside and declare void an assignment and transfer of a mortgage in the defendant corporation's property to defendant Farm Credit Services. Plaintiff contends that the assignment of the mortgage was done without proper corporate authority.

The following facts have been established for the purpose of this motion. John C. and Pamela K. Schmidt, husband and wife, own 375 shares of stock in the defendant corporation. At all times relevant to this lawsuit, John C. Schmidt served as president of the corporation and Pamela K. Schmidt served as vice president and secretary-treasurer of the corporation. On February 25, 1980, John C. Schmidt in his capacity as president of the defendant corporation, applied for a loan from the Federal Land Bank of Wichita, defendant Farm Credit Services's predecessor. (The Federal Land Bank of Wichita and defendant Farm Credit Services will hereinafter be referred to collectively as defendant lender.)

The board of directors of defendant corporation held a meeting on February 27, 1980. The minutes of this meeting indicate that the board of directors approved a resolution authorizing John C. Schmidt, as president of the corporation, to borrow from defendant lender an amount not to exceed $400,000. The members of the board of directors present at that meeting were John C. Schmidt and Pamela K. Schmidt. The only other director was Susan Ensign. In an affidavit, Ms. Ensign states that she was not notified of the meeting at which this authorization was approved. The by-laws of defendant corporation empower the directors to authorize an officer to enter into a contract or execute instruments on behalf of the corporation. For all times relevant to this lawsuit, John C. Schmidt and Pamela K. Schmidt controlled and operated the corporation and neither plaintiff nor the other minority shareholders took an active role in its operation.

On March 31, 1980, a promissory note and mortgage in the amount of $320,000 were executed between defendant lender and defendant corporation. As security for the loan, defendant corporation executed a mortgage on all its real property in Marshall County, Kansas, approximately 660 acres, to defendant lender. The note and mortgage were executed by John C. Schmidt, as president, and Pamela K. Schmidt, as secretary for the corporation. The mortgage was duly filed of record in Marshall County on April 9, 1980. Defendant lender was aware that the proceeds from this loan were intended to be loaned by the corporation to John C. and Pamela K. Schmidt, individually. Defendant lender was presented with the resolution, approved by the board of directors, authorizing John C. Schmidt to execute the loan on behalf of the defendant corporation. In his deposition testimony, Alan Jaax, an agent for defendant lender who handled the loan to the defendant corporation, stated that he based his conclusion that John C. Schmidt had authority to execute the note and mortgage on behalf of the defendant corporation on this resolution to borrow and the articles of incorporation and bylaws of the defendant corporation.

The defendant corporation's annual reports since 1980 have been filed with the Secretary of State of Kansas. These reports disclosed the mortgage for $320,000, and that the defendant corporation had loans to shareholders. However, the yearly profit/loss statement sent by the defendant corporation to shareholders apparently did not disclose the fact that the corporation had loaned money to shareholders John C. and Pamela K. Schmidt until the profit/loss statement sent for the year ending December 31, 1986. Plaintiff Frank Schmidt contends he was never aware that the defendant corporation had made a loan to John C. and Pamela Schmidt until March 1987.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

The main issue presented in this case is whether the president of the defendant corporation could legally bind the corporation to a note and mortgage under the circumstances of this particular transaction. It is generally recognized law that if a principal has delegated authority to an agent by words expressly authorizing the agent to do a delegated act, the agent has express actual authority to do the delegated act. *See Mohr v. State Bank of Stanley*, 241 Kan. 42, 734 P.2d 1071, 1075 (1987). Generally, a corporation is bound by contracts entered into on its behalf by its duly authorized officers or agents acting within the scope of their authority. *Executive Finan-*

*cial Services, Inc. v. Loyd*, 238 Kan. 663, 665, 715 P.2d 376, 378 (1986).

After reviewing the established facts in this case, the court finds that John C. Schmidt, as president of the corporation, was duly authorized by the corporation to bind the corporation to the executed note and mortgage in the present case. Article V, Section 1, of the corporation's bylaws expressly states that "[t]he board of directors may authorize any officer or agent to enter into any contract or to execute any instrument for the corporation." The minutes of a meeting of the board of directors held on February 27, 1980, indicate that pursuant to Article V, Section 1 of the bylaws, the board of directors authorized John C. Schmidt, as president, to enter into a loan on behalf of the corporation with defendant lender. The court is aware that one director, Susan Ensign, states that she did not receive notice of this special meeting. However, under Kansas law, the transaction of corporate business at a meeting of the directors raises a presumption of due notice properly given. Moreover, the fact that a majority of the directors were present at the meeting and assumed to act on behalf of the corporation supports the finding that the resolution to allow the president to execute a note and mortgage was done pursuant to express authority of the directors. *See Gorrill v. Greenlees*, 104 Kan. 693, 180 P. 798, 800 (1919). Based on the facts in the present case and the applicable law, the court finds that John C. Schmidt, as president, had express actual authority to execute the note and mortgage on March 13, 1980.

In asserting its arguments in support of its motion for summary judgment and in opposition to defendant lender's motion for summary judgment, plaintiff Frank Schmidt relies primarily on the recent Tenth Circuit case of *In re Branding Iron Motel, Inc.*, 798 F.2d 396 (10th Cir.1986). Plaintiff contends that since defendant lender knew that the proceeds of the loan were going to be used by the corporation to make a loan to its officers, John C. and Pamela K. Schmidt, defendant lender was put on notice that it should conduct addi-

tional inquiry on whether the loan proceeds were for the corporation's benefit and whether John C. Schmidt actually had authority to enter into a loan agreement with defendant lender. Plaintiff also contends that the defendant lender should have known that the proposed loan arrangement from defendant corporation to John C. Schmidt, individually, was orchestrated by John C. Schmidt and was void and prohibited by K.S.A. 17–6303.

K.S.A. 17–6303 provides in part,

"any corporation may lend money to ... any officer or other employee of the corporation ... whenever in the judgment of the directors, such loan, guarantee or assistance may reasonably be expected to benefit the corporation."

In the *Branding Iron Motel* case, the Tenth Circuit Court of Appeals concluded that a mortgage and loan arrangement between a corporation and a lender could be set aside because the lender knew or should have known that the proceeds of the loan were not for the benefit of the corporation, but instead were for the sole benefit of the officer who negotiated the transaction with the lender. In that case, the tenth circuit stated that since the lender knew that the corporation's president was using company property to secure personal debt, "it should have inquired into the property of the transaction and the existence of authority." *In re Branding Iron Motel*, 798 F.2d at 401. The court went on to state:

"It was unreasonable for [lender] to assume that Banding Iron's president had the power to use corporate property for his own personal benefit."

*Id.* Finally, the court stated that for the lender's actions to be reasonable, the lender

"must have been induced or permitted to believe that the transaction had the approval or was otherwise sanctioned by the board of directors. The record fails to reveal any such representation."

*Id.* at 402.

The facts of the present case are easily distinguishable from the facts in the *Branding Iron* case. Unlike the *Brand-ing Iron* case in which the corporation's president was acting only under apparent authority, the president of defendant corporation in the present case was acting under express authority to execute a loan agreement with defendant lender. Moreover, in the present case the board of directors expressly sanctioned and approved the actions of the corporation's president in negotiating the loan transaction. Since the corporation president in the our case was acting under express authority and approval of the board of directors, this court finds that the ruling of the *Branding Iron* case is not controlling.

In summation, the court finds that the established facts clearly indicate that defendant corporation's president was acting under express authority and approval of the board of directors in negotiating and entering into a loan agreement with defendant lender. Therefore, the mortgage and note executed by the corporation was valid. Accordingly, the court does not have grounds for setting aside the assignment of the mortgage or declaring the mortgage void, and thus, defendant lender is entitled to summary judgment on plaintiff's claims against it.

IT IS THEREFORE BY THE COURT ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that the motion for summary judgment of defendant Farm Credit Services is granted.

IT IS FURTHER ORDERED that the clerk of the court enter default judgment against defendant Schmidt C & R Co., Inc., pursuant to the finding made by this court in section 12 of the Pretrial Order filed August 28, 1989.