Frank S. SCHMIDT, Plaintiff–Appellant,

v.

FARM CREDIT SERVICES, formerly d/b/a Federal Land Bank of Wichita; and Schmidt C & R Co., Inc., Defendants–Appellees.

No. 90–3199.

United States Court of Appeals, Tenth Circuit.

Oct. 13, 1992.

Kent E. Oleen of Vogel & Oleen, Manhattan, Kan., for plaintiff-appellant.

B. Keith Kocher of Shaw, Hergenreter, Quarnstrom & Kocher, Topeka, Kan., for defendants-appellees.

Before SETH and HOLLOWAY,* Circuit Judges, and DUMBAULD, District Judge.**

HOLLOWAY, Circuit Judge.

This appeal arises from a shareholder derivative suit instituted by the appellant Frank Schmidt against Schmidt C & R Co., Inc. (the Corporation) and Farm Credit Ser-

---

* After argument and submission, Judge Holloway took senior status effective May 31, 1992.

** The Honorable Edward Dumbauld, United States District Judge of the Western District of Pennsylvania, sitting by designation.

vices (Farm Credit). Frank Schmidt claims that his nephew John Schmidt, the president of the Corporation, fraudulently gave himself authority to mortgage corporate property and receive the proceeds in the Corporation's name from Farm Credit. Frank Schmidt seeks to have the court set aside the mortgage and its accompanying obligation. On cross motions for summary judgment, the district court granted judgment in Farm Credit's favor. Frank Schmidt timely appealed.[1]

## I

Schmidt C & R Co. is a family farm corporation. Half of its stock is owned by John and Pamela Schmidt, husband and wife, who are also two of the three directors of the Corporation as well as being its principal officers. A meeting of the board of directors was held in February 1980 at which only John and Pamela Schmidt were present. At the meeting John Schmidt received the authority to borrow $400,000 in the Corporation's name from the Federal Land Bank of Wichita, Farm Credit's predecessor. There exist two conflicting sets of minutes describing the report of this action to the stockholders meeting the same day; one reports the approval, the other does not.

The following month a promissory note and mortgage in the amount of $320,000 were executed by Farm Credit and the Corporation. Alan Jaax, the agent of Farm Credit who handled the transaction, was aware that the proceeds of the loan were to be loaned in turn by the Corporation to John and Pamela Schmidt. The fact of the loan was not included in the Corporation's annual profit and loss statement sent to shareholders, although it was noted in the annual report filed with the Kansas Secretary of State in 1980.

Plaintiff Frank Schmidt, a shareholder, commenced his derivative shareholder's action seeking to void the mortgage in May 1988 after he learned of the loan.[2] After a period of discovery Frank Schmidt filed a motion for summary judgment. Shortly thereafter Farm Credit filed its own summary judgment motion. In a Memorandum and Order of May 31, 1990 the district court found in favor of Farm Credit on its motion for summary judgment. *Schmidt v. Farm Credit Services*, 738 F.Supp. 1372 (D.Kan.1990). In the district judge's view two factors distinguish the instant case from *In re Branding Iron Motel, Inc.*, 798 F.2d 396 (10th Cir.1986), which was relied on by plaintiff Frank Schmidt. First, the judge found that John Schmidt, as President of Schmidt C & R Co., had express actual authority to execute the note and mortgage. Secondly, the judge said that the board of directors had expressly sanctioned and approved the actions of the Corporation's President in negotiating the loan transaction. The district judge accordingly granted summary judgment to Farm Credit. The instant appeal followed.[3]

---

1. In this single appeal, Frank Schmidt appealed both the district court's grant of summary judgment to Farm Credit and its denial of summary judgment to him.

2. In the pretrial order the district court noted that Schmidt C & R Co. was in default. Accordingly in its published opinion it directed that a default judgment be entered against the corporation and in favor of Frank Schmidt. Appeal was not taken from this judgment.

3. Frank Schmidt also appealed the denial of his motion for summary judgment. Ordinarily an appeal cannot be had from the denial of a motion for summary judgment because such denial is not a final order as required by 28 U.S.C. § 1291. *Matthew v. IMC Mint Corp.*, 542 F.2d 544, 547 (10th Cir.1976). Furthermore, once a case has gone to trial, an appeal cannot be had from the earlier denial of summary judgment. *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1250 (10th Cir.1992). Instead, redress can only be achieved through subsequent motions for judgment as a matter of law and appellate review of those motions if denied. *Id.* at 1251.

However, where a cross-motion for summary judgment has been granted and is appealed and reversed, and it is clear that there is no dispute as to the facts, and the facts justify judgment for the other party, summary judgment may be entered for that party. It must be clear, however, what the facts are and that the adversary had a fair opportunity to dispute them. *See* 6 J. Moore et al., *Moore's Federal Practice* ¶ 56.13 at 56–178 (1988 & Supp.1990); 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 2716 at 660–661 (1983); *see also Abend v. MCA, Inc.*, 863 F.2d 1465, 1482 n. 20 (9th Cir. 1988); *Buell Cabinet Co., Inc. v. Sudduth*, 608 F.2d 431, 432 (10th Cir.1979); *Stein v. Oshinsky,*

**514**

## II

■ We review de novo the district court's summary judgment rulings. We thus apply the same legal standard used by the trial court. *Applied Genetics Int'l, Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate when the evidence indicates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In examining the record we review the evidence in the light most favorable to the party opposing the motion for summary judgment. *Deepwater Investments, Ltd., v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). Moreover, "a court of appeals should review *de novo* a district court's determination of state law." *Salve Regina College v. Russell,* —— U.S. ——, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ The relationship between a corporation and its president is that of principal and agent. *Herald Co. v. Seawell,* 472 F.2d 1081, 1094 (10th Cir.1972). An agent may bind its principal as to a third party when the agent acts under actual authority or when the actions of the principal lead the third party to reasonably believe that such authority exists. *Bucher & Willis Consulting Engineers, Planners, and Architects v. Smith,* 7 Kan.App.2d 467, 643 P.2d 1156, 1159 (1982). In this instance, then, the mortgage on the corporate property was valid if Schmidt had actual, express authority to mortgage the property or if Farm Credit was lead by the corporation to believe reasonably that authority to enter into the transaction existed.

### A.

■ The resolution to borrow upon which Farm Credit relies as the basis of John Schmidt's authority to mortgage the corporate property was purportedly made at a meeting of the board of directors on January 31, 1980. Resolution to Borrow, Doc. 26, Exh. 8.[4] Under the articles of incorporation of Schmidt C & R Co., all members of the board of directors must be given notice of the time and place of the board's meetings. Art. I § 1, Doc. 28, Exh. 3. Ordinarily, a directors' meeting to be binding must be a regular one of which the directors have general notice, or a special one upon due notice to each. *Gorrill v. Greenlees,* 104 Kan. 693, 180 P. 798, 800 (1919); *Schroder v. Scotten, Dillon Co.,* 299 A.2d 431, 435 (Del.Ch.1972); *Rapoport v. Schneider,* 29 N.Y.2d 396, 328 N.Y.S.2d 431, 434, 278 N.E.2d 642, 645 (1972); Charles R.P. Keating, et al., 2 *Fletcher Cyclopedia of Corporations* § 405 (1990).

The Articles of Incorporation of Schmidt C & R Corporation do not fix specific dates for regular meetings of the board of directors. Art. II § 2, Doc. 28, Exh. 3. Rather the meetings can be held at any time, provided that the directors are given proper notice. At the time of the mortgage the only director of the Corporation other than Schmidt and his wife was Susan Ensign. Ms. Ensign's affidavit states that she never received notice of any special meeting concerning a loan from the Corporation, Schmidt C & R Co., to John Schmidt for his personal use, or of any special meeting concerning the transaction between the Corporation and the Federal Land Bank. Ensign Affidavit at 2, Doc. 26, Exh. D. Respecting this statement, John Schmidt testified that he does not recall whether or not notice of the special meeting that authorized Schmidt to enter into a loan for the corporation was given to Ms. Ensign. Memorandum of Farm Credit in Opposition to Plaintiff's Motion for Summary Judgment. Doc. 30 at 4. Thus we agree with Frank Schmidt's contention that the district court erred in holding on this record that there was actual authority to so mortgage corporate property.

■ The validity of the authority allegedly expressly granted to Schmidt is fur-

---

348 F.2d 999, 1002 (2d Cir.1965) (directing entry of dismissal in favor of appellant).

**4.** The date of this purported meeting is the subject of some dispute. The resolution to borrow indicates that it took place on January 31, but the report of the board of directors' meeting to the stockholders has it taking place on February 27. Doc. 28, Exh. 1.

ther impugned by the character of the transaction itself. The Corporation's property was mortgaged for the purpose of freeing up cash which could, in turn, be loaned to Schmidt. When Schmidt applied for the mortgage he was acting as agent of the Corporation. However, "unless otherwise agreed, authority to act as agent includes only authority to act for the benefit of the principal." Restatement (Second) of the Law of Agency § 39. *See also Siedhoff v. Campbell,* 141 Kan. 255, 40 P.2d 404, 407 (1935) (citing with approval identical provision in First Restatement). An agent's actions which are beyond the scope of his authority do not bind the principal. *See Osborn v. Grego,* 226 Kan. 212, 596 P.2d 1233, 1237 (1979). Evidence has been produced to show that the loan from the Corporation to Schmidt was not for the benefit of the Corporation. Thus there is some evidence that the transaction between Farm Credit and the Corporation was also not for the benefit of the Corporation. Under the *Restatement*'s view, then, there was a genuine question of whether the mortgage was authorized.

The general common law duty to act only for the benefit of the principal is supplemented in Kansas by a specific statutory provision. K.S.A. 17–6304 provides that no contract or transaction between a corporation and a director or officer shall be void or voidable solely for that reason if, *inter alia,* the contract or transaction is fair as to the corporation as of the time it is authorized, approved or ratified by the board of directors, a committee thereof, or the shareholders. Farm Credit argues that, in this case, the provision applies only to the second transaction, the loan to Schmidt, and not the first transaction, the mortgaging of the property. There is some support for this argument in the language of the statute which specifically refers only to transactions "between a corporation and one of its directors or officers." The mortgage was clearly not such a transaction. On the other hand, there is also authority for the proposition that such a preliminary transaction may properly be considered part of the over-all proscribed self-dealing transaction. *See Minnesota Valley Coun-*

*try Club, Inc. v. Gill,* 356 N.W.2d 356, 360, 362 (Minn.App.1984). We need not in any event resolve this issue here because we have already found that the lack of notice to Susan Ensign meant that the mortgage transaction was not properly authorized by the board of directors and was outside the scope of authority granted to Schmidt as president.

### B.

█ Although the uncontroverted evidence shows that John Schmidt did not have actual authority to mortgage the property, summary judgment might still be proper for Farm Credit if it showed that the Corporation by its actions created a situation in which Farm Credit reasonably assumed that Schmidt was acting within the scope of his delegated authority. *Bucher & Willis,* 643 P.2d at 1159. The reasonableness of this belief must be analyzed under all the circumstances. Farm Credit had knowledge that the proceeds from the mortgage would be loaned to John Schmidt. Jaax Depo. at 72, Doc. 30, Exh. 1. It knew that Schmidt would use these funds to satisfy personal debts. *Id.* It also knew that although John and Pamela Schmidt owned only half of the Corporation, the loan and mortgage were approved at a board of directors meeting at which only the two of them were present. Resolution to Borrow, Doc. 26, Exh. 8.

The Tenth Circuit faced a similar question of Kansas law in *In re Branding Iron Motel,* 798 F.2d 396 (10th Cir.1986). There this court upheld a bankruptcy court ruling that a note and mortgage were void and unenforceable. The lender knew that the proceeds would benefit not the corporation involved, but the corporation's president. We noted that: "It was unreasonable for [the lender] to assume that Branding Iron's president had the power to use corporate property for his own personal benefit." 798 F.2d at 401. The facts of the transaction were such that the lender should have inquired further into the propriety of the transaction and the existence of authority. We reversed the district court's ruling in an appeal from the bankruptcy court; we

upheld the ruling of the bankruptcy court that the note and mortgage were void and unenforceable. *Id.* at 398, 402.

■ Farm Credit protests that in this case it was shown a resolution of the board of directors authorizing the loan. A purportedly valid resolution to borrow can be persuasive evidence of the reasonableness of a lender's reliance, but it is not determinative. *See Marsh Investment Corp. v. Langford,* 490 F.Supp. 1320, 1325 (E.D.La. 1980). Where the lender knew or had reason to know that the proceeds would inure to the personal benefit of a corporate officer, it had a duty to inquire further. The reasonableness of Farm Credit's reliance is an ultimate question of fact and Frank Schmidt has made a sufficient showing to raise a genuine factual issue as to whether Farm Credit acted reasonably in accepting the resolution at face value. *See Gumpert v. Bon Ami Co.,* 251 F.2d 735, 746 (2d Cir.1958). Because this question could, given the facts developed, be resolved either way, we hold that both motions for summary judgment should have been denied. The issue must be decided by a trier of fact.

### C.

Finally, Farm Credit argues that Frank Schmidt's claims should be barred "based upon the equitable doctrines of estoppel, laches, and the Statute of Limitations under *K.S.A. 60–513.*" Appellee's Brief at 18. The district court did not address any of these defenses in its ruling, however. Because each defense involves unresolved issues of material fact, we decline to hold that summary judgment for Farm Credit should have been entered on the basis of these affirmative defenses.

■ "The doctrine of estoppel is for the protection of innocent persons and as a rule only the innocent may invoke it." *Newton v. Hornblower,* 224 Kan. 506, 582 P.2d 1136, 1144 (1978). Frank Schmidt has argued that Farm Credit is far from innocent. Rather he charges that it participated in a "scheme" in which it knowingly lent money

to corporate officers for their own use. Appellee's Brief at 26. Just as we have held that the evidence in support of these allegations raises a genuine issue of ultimate fact as to whether Farm Credit acted reasonably so too does it raise a genuine issue as to whether Farm Credit acted in good faith. Summary judgment is thus inappropriate on this issue.

■ The laches and statute of limitations defenses raise similar factual questions. The doctrine of laches is based not on mere delay, but delay that works to the disadvantage of another party. *Clark v. Chipman,* 212 Kan. 259, 510 P.2d 1257, 1266 (1973). Whether or not the delay is unreasonable depends on the circumstances of the particular case. *Id.* It is accordingly a question for the trier of fact. The tolling of the statute of limitations also involves the question of reasonableness. As Farm Credit itself points out, the time from which the statute of limitations runs depends on when reasonable inquiry would have uncovered the injury. Appellee's Brief at 18, *citing Augusta Bank and Trust v. Broomfield,* 231 Kan. 52, 643 P.2d 100 (1982). When there is a genuine dispute as to when an injury was reasonably ascertainable summary judgment is precluded. *Olson v. State Highway Commission,* 235 Kan. 20, 679 P.2d 167, 174 (1984). We therefore find that there remain genuine issues of ultimate fact which preclude the successful assertion of estoppel, laches, and the statute of limitations.

The order of the district court granting summary judgment to Farm Credit Services is therefore REVERSED. The order denying Frank Schmidt's motion for summary judgment is AFFIRMED. The cause is REMANDED for further proceedings consistent with this opinion.[5]

---

5. As described in note 1, *supra,* the default judgment against Schmidt C & R Co. was not appeal-

ed from. Accordingly this disposition in no way disturbs the default judgment.