M&M Country Store, Inc. v Kelly (2018 NY Slip Op 01376)





M&M Country Store, Inc. v Kelly


2018 NY Slip Op 01376


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

525368

[*1]M & M COUNTRY STORE, INC., Respondent,
v
MICHAEL KELLY et al., Appellants.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Niles, Bracy & Mucia, PLLC, Plattsburgh (John M. Crotty of counsel), for appellants.
O'Connell & Aronowitz, Albany (Danielle E. Holley of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeals (1) from an order of the Supreme Court (Muller, J.), entered January 9, 2017 in Clinton County, which denied defendants' motion to, among other things, set aside the verdict, and (2) from a judgment of said court, entered January 12, 2017 in Clinton County, upon a decision of the court in favor of plaintiff.
In May 2009, defendant Debra Kelly (hereinafter Kelly) and defendant Michael Kelly purchased plaintiff, a corporation operating a gas station and convenience store, from Mary Millett. Pursuant to the purchase agreement, Millett remained as plaintiff's sole shareholder, with her shares to be transferred to defendants only when the purchase price was fully paid. A default in payments would result in defendants' forfeiture of any
prior payments and the return of ownership of plaintiff to Millett. Millett and Kelly were named as plaintiff's officers, but Millett no longer held any decision-making role. After Kelly began managing plaintiff, she allowed its insurance coverage and cigarette license to lapse and did not pay certain taxes, among other things. By May 2013, defendants defaulted on payments and surrendered plaintiff to Millett, who resumed management. Plaintiff incurred significant expenses thereafter, paying outstanding bills and replenishing the store inventories.
Plaintiff commenced this action in August 2014, alleging claims of breach of fiduciary duty against defendants and seeking to recover these expenses. The action proceeded to a nonjury trial. During the course of the trial, the parties stipulated to the dismissal of the claim against Michael Kelly on the basis that he was not plaintiff's officer or director. In November 2016, Supreme Court issued a decision finding that Kelly had breached her fiduciary duty and that plaintiff had suffered damages in the total sum of $94,959.63. Defendants moved to set aside the verdict, arguing that the evidence did not support a finding that Kelly had breached her [*2]fiduciary duty, that damages were miscalculated and that Michael Kelly was entitled to counsel fees. The court denied this motion in January 2017. A corresponding money judgment was later entered in plaintiff's favor. Defendants appeal from the order denying their motion and from the judgment.
In reviewing a nonjury trial verdict, "this Court may independently review the evidence and, while deferring to the trial court's credibility assessments, grant the judgment warranted by the evidence" (Shattuck v Laing, 124 AD3d 1016, 1017 [2015]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Pappas v Liapes, 138 AD3d 943, 944 [2016]). Defendants contend that plaintiff failed to meet its burden to demonstrate that Kelly's actions rose to the level of a breach of the fiduciary duty she owed to plaintiff. Corporate officers and directors owe a duty to act "in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances" (Business Corporation Law §§ 715 [h]; 717 [a]; see Howard v Carr, 222 AD2d 843, 845 [1995]). In this regard, "conduct that cripples or injures the corporation is impermissible" (Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 102 AD3d 1033, 1038 [2013] [internal quotation marks and citation omitted]), and a director or officer may be liable where he or she fails to provide "good and prudent management of the corporation" — whether the failure is intentional or negligent (Alpert v 28 Williams St. Corp., 63 NY2d 557, 569 [1984]; see Rapoport v Schneider, 29 NY2d 396, 403 [1972]). To be sure, under the business judgment rule, courts defer to the determinations of directors and officers as to the best interests of the corporations that they serve, and do not inquire further into their actions in the absence of bad faith or fraud (see Matter of Kenneth Cole Prods., Inc., Shareholder Litig., 27 NY3d 268, 274 [2016]; Auerbach v Bennett, 47 NY2d 619, 630-631 [1979]). However, this rule will not insulate a director or officer from liability where his or her actions lack a legitimate and lawful business purpose and waste corporate assets (see Auerbach v Bennett, 47 NY2d at 629; Andrew Carothers, M.D., P.C. v Progressive Ins. Co., 150 AD3d 192, 202-203 [2017], lv dismissed 29 NY3d 1047 [2017]; Amfesco Indus. v Greenblatt, 172 AD2d 261, 264 [1991]).
Here, the material facts are undisputed. Plaintiff was a vibrant and profitable business when defendants and Millett entered into the sale agreement. When plaintiff was handed over to Kelly in 2009, its vending licenses and insurance policies were intact, taxes and vendors had been paid, the store was in good repair and its inventory of gas and in-store items was fully stocked. In stark contrast, when defendants surrendered plaintiff to Millett in 2013, Kelly had permitted plaintiff's cigarette license and insurance policies to lapse, failed to pay certain taxes and vendors, and neglected to address necessary store repairs. Notably, Kelly illegally failed to remit the taxes that she collected from customers and employees — which she held in trust for the state — and instead used them to pay some of plaintiff's other debts (see Tax Law § 1801 [a] [5]). Although Kelly began selling lottery tickets and accepting credit cards, the evidence revealed that she lost significant customer traffic due to the fact that plaintiff's gas tanks and store shelves were often empty. Moreover, Kelly failed to keep records of personal money that she spent to assist the store or of store money she used to pay for personal items. Further, accounting records were inaccurate, due in part to Kelly's use of a cash register as a toy for her grandchild. Although defendants contend that the business failure was the result of a national economic downturn, they failed to offer any evidence to support this assertion. Upon this record, we agree with Supreme Court that this extreme mismanagement, lacking any legitimate business purpose and resulting in the waste of corporate assets, rises to the level of a breach of Kelly's fiduciary duties (see Business Corporation Law § 720 [a] [1] [A]; Matter of Comverse Tech., Inc. Derivative Litig., 56 AD3d 49, 56 [2008]; Howard v Carr, 222 AD2d at 845-846; see generally Alpert v 28 Williams St. Corp., 63 NY2d at 569).
Turning to the award of damages, a director or officer of a corporation who breaches his or her fiduciary duty "may be held responsible for all damages naturally flowing from their wrongdoing or misconduct, even though the precise result could not have been foreseen" (Bertoni v Catucci, 117 AD2d 892, 895 [1986]; see Rapoport v Schneider, 29 NY2d at 403; Ault v Soutter, 204 AD2d 131, 131 [1994]). Plaintiff's expenses that related to necessary structural repairs that could have been mitigated by Kelly during her management, including water damage due to a leaking roof, were properly included in the damages calculation. Similarly, we find no merit in defendants' contention that plaintiff's considerable expenses to refill its inventory of gas and in-store items should have been excluded from the damages award, as defendants received a fully stocked store and returned it empty. However, we agree with defendants that repairs or replacements made to certain store equipment due to ordinary wear and tear were not shown to have been the result of Kelly's breach and, thus, should not have been included in the calculation of damages [FN1]. Deferring to Supreme Court's credibility assessments with regard to the expenses plaintiff incurred, we thus find that plaintiff's damages should be reduced by $5,492.84.
Finally, defendants argue that Michael Kelly is entitled to counsel fees pursuant to Business Corporation Law §§ 722 and 724. Although a corporation may be required to indemnify its officers and directors for litigation expenses incurred in connection with the defense or settlement of a breach of fiduciary duty claim, such relief is only available to parties who have been sued in their capacity as corporate directors or officers (see Business Corporation Law § 722 [c]). Here, it is undisputed that the parties stipulated to the dismissal of the underlying action against Michael Kelly upon the specific basis that he was not an officer or director of plaintiff. Accordingly, Supreme Court properly found that Michael Kelly is not entitled to counsel fees (see Business Corporation Law § 724 [c]; Brittania 54 Hotel Corp. v Freid, 251 AD2d 49, 50 [1998]).
The parties' remaining contentions have either been rendered academic in light of our determination or have been examined and found to be without merit.
McCarthy, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order and judgment are modified, on the law, without costs, by reducing the award to $89,466.79, and, as so modified, affirmed.



Footnotes

Footnote 1: These expenses include the purchase of parts for a stove and hot dog steamer, as well as cleaning supplies, and repairs made to an ice cream cooler, an air conditioning unit and a freezer.